1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8          WESTERN DISTRICT OF WASHINGTON
                    AT SEATTLE

| | | |
|---|---|---|
| 9  BACKPAGE.COM, LLC, | ) | |
| 10                    Plaintiff, | ) ) | No. |
| 11      v. | ) ) | **COMPLAINT TO DECLARE** |
| 12  ROB MCKENNA, Attorney General of the | ) ) | **INVALID AND ENJOIN ENFORCEMENT OF** |
| 13  State of Washington; RANDY J. FLYCKT, Adams County Prosecuting Attorney; | ) ) | **WASHINGTON SENATE BILL 6251 FOR VIOLATION** |
| 14  BENJAMIN C. NICHOLS, Asotin County Prosecuting Attorney; ANDREW K. MILLER, | ) ) | **OF THE COMMUNICA- TIONS DECENCY ACT, AND** |
| 15  Benton County Prosecuting Attorney; GARY A. RIESEN, Chelan County Prosecuting | ) ) | **THE FIRST AND FIFTH AMENDMENTS AND** |
| 16  Attorney; DEBORAH S. KELLY, Clallam County Prosecuting Attorney; ANTHONY F. | ) ) | **COMMERCE CLAUSE OF THE UNITED STATES** |
| 17  GOLIK, Clark County Prosecuting Attorney; REA L. CULWELL, Columbia County | ) ) | **CONSTITUTION** |
| 18  Prosecuting Attorney; SUSAN I. BAUR, Cowlitz County Prosecuting Attorney; | ) ) | |
| 19  STEVEN M. CLEM, Douglas County Prosecuting Attorney; MICHAEL SANDONA, | ) ) | |
| 20  Ferry County Prosecuting Attorney; SHAWN P. SANT, Franklin County Prosecuting Attorney; | ) ) | |
| 21  MATTHEW L. NEWBERG, Garfield County Prosecuting Attorney; ANGUS LEE, Grant | ) ) | |
| 22  County Prosecuting Attorney; H. STEWARD MENEFEE, Grays Harbor County Prosecuting | ) ) | |
| 23  Attorney; | ) ) | |
| 24      *(Continued on Page 2)* | ) ) | |

COMPLAINT TO DECLARE INVALID AND ENJOIN
ENFORCEMENT OF WASHINGTON SB 6251 — 1

*(Continued from Page 1)*

GREGORY M. BANKS, Island County Prosecuting Attorney; SCOTT W. ROSEKRANS, Jefferson County Prosecuting Attorney; DAN SATTERBERG, King County Prosecuting Attorney; RUSSELL D. HAUGE, Kitsap County Prosecuting Attorney; GREGORY L. ZEMPEL, Kittitas County Prosecuting Attorney; LORI L. HOCTOR, Klickitat County Prosecuting Attorney; JONATHAN L. MEYER, Lewis County Prosecuting Attorney; JEFFREY S. BARKDULL, Lincoln County Prosecuting Attorney; MICHAEL K. DORCY, Mason County Prosecuting Attorney; KARL F. SLOAN, Okanogan County Prosecuting Attorney; DAVID J. BURKE, Pacific County Prosecuting Attorney; THOMAS A. METZGER, Pend Oreille County Prosecuting Attorney; MARK LINDQUIST, Pierce County Prosecuting Attorney; RANDALL K. GAYLORD, San Juan County Prosecuting Attorney; RICHARD WEYRICH, Skagit County Prosecuting Attorney; ADAM N. KICK, Skamania County Prosecuting Attorney; MARK K. ROE, Snohomish County Prosecuting Attorney; STEVEN J. TUCKER, Spokane County Prosecuting Attorney; TIMOTHY D. RASMUSSEN, Stevens County Prosecuting Attorney; JON TUNHEIM, Thurston County Prosecuting Attorney; DANIEL H. BIGELOW, Wahkiakum County Prosecuting Attorney; JAMES L. NAGLE, Walla Walla County Prosecuting Attorney; DAVID S. McEACHRAN, Whatcom County Prosecuting Attorney; DENIS P. TRACY, Whitman County Prosecuting Attorney; JAMES P. HAGARTY, Yakima County Prosecuting Attorney,

     Defendants, in their official capacities.

COMPLAINT TO DECLARE INVALID AND ENJOIN ENFORCEMENT OF WASHINGTON SB 6251 — 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 1201 Third Avenue Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

For its complaint, plaintiff Backpage.com, LLC ("Backpage.com") alleges as follows:

**INTRODUCTION**

1. This is an action pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, to enjoin enforcement of a new Washington law, Senate Bill 6251 ("SB 6251"), that, if effective, would impose an intolerable burden on speech, in violation of the Communications Decency Act of 1996, 47 U.S.C. § 230, and the First and Fifth Amendments and Commerce Clause of the United States Constitution.

2. SB 6251, scheduled to take effect June 7, 2012, will force, by threat of felony prosecution, websites and others to become the government's censors of users' content. Although its ostensible motivation—to prevent the sex trafficking of children—is laudable, the law is not. It threatens five years imprisonment and a $10,000 fine per violation against anyone who knowingly publishes, disseminates or displays *or* anyone who "indirectly" "causes" the publication, dissemination, or display of content that contains an explicit or even "implicit" offer of any sexual contact for "something of value" in Washington if the content includes an image that turns out to be of a minor. Because of its expansive language (*i.e.*, "indirectly" "causes"), the law applies not only to online classified ad services like Backpage.com, but also to any website that allows third parties to post content, including user comments, reviews, chats, and discussion forums, and to social networking sites, search engines, internet service providers, and more.

3. The law expressly states that it is *not* a defense that the defendant did not know that the image was of a minor. Instead, to avoid prosecution, the defendant must obtain governmental or educational identification for the person depicted in the post (notably, even if that ID does *not* contain a photograph). This means that every service provider – no matter where headquartered or operated – must review *each and every* piece of third-party content posted on or through its service to determine whether it is an "implicit" ad for a commercial sex act in Washington, and whether it includes a depiction

COMPLAINT TO DECLARE INVALID AND ENJOIN
ENFORCEMENT OF WASHINGTON SB 6251 — 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

of a person, and, if so, must obtain and maintain a record of the person's ID. These obligations would bring the practice of hosting third-party content to a grinding halt.

4.  SB 6251 plainly contravenes well-settled federal law. Section 230 of the Communications Decency Act prohibits interactive computer service providers from being "treated as the publisher or speaker of any information" provided by a third party and expressly preempts state laws inconsistent with this protection. In addition, the First and Fifth Amendments of the Constitution prohibit state laws that severely inhibit and impose strict criminal liability on speech, as SB 6251 does. Finally, the Constitution's Commerce Clause also prohibits states from passing and enforcing legislation, like SB 6251, that regulate activity beyond the state's borders. Unfortunately, other states are poised to follow Washington's lead – a similar law will soon take effect in Tennessee, and the legislatures in New York and New Jersey are considering analogous bills.

5.  If this Court does not declare SB 6251 invalid and enjoin its enforcement, Backpage.com and other service providers throughout the nation who cannot review the millions of third-party posts processed by their services to identify potential ads for commercial sex acts in Washington will have a daunting choice: block significant amounts of third-party content, most of which is lawful, or gamble against the risk of felony criminal charges, penalties and imprisonment. Eliminating or so practically impairing service providers as forums for legitimate free speech will cause irreparable harm to the providers and the public at large, who will lose lawful avenues for free expression on the Internet.

**PARTIES**

6.  Plaintiff Backpage.com, LLC is a limited liability company, organized and existing under the laws of the state of Delaware, with its principal place of business in Phoenix, Arizona.

7.  Defendant Rob McKenna is Attorney General of the State of Washington.

COMPLAINT TO DECLARE INVALID AND ENJOIN
ENFORCEMENT OF WASHINGTON SB 6251 — 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

8. The remaining defendants—Randy J. Flyckt, Benjamin C. Nichols, Andrew K. Miller, Gary A. Riesen, Deborah S. Kelly, Anthony F. Golik, Rea L. Culwell, Susan I. Baur, Steven M. Clem, Michael Sandona, Shawn P. Sant, Matthew L. Newberg, Angus Lee, H. Steward Menefee, Gregory M. Banks, Scott W. Rosekrans, Dan Satterberg, Russell D. Hauge, Gregory L. Zempel, Lori L. Hoctor, Jonathan L. Meyer, Jeffrey S. Barkdull, Michael K. Dorcy, Karl F. Sloan, David J. Burke, Thomas A. Metzger, Mark Lindquist, Randall K. Gaylord, Richard Weyrich, Adam N. Kick, Mark K. Roe, Steven J. Tucker, Timothy D. Rasmussen, Jon Tunheim, Daniel H. Bigelow, James L. Nagle, David S. McEachran, Dennis P. Tracy, and James P. Hagarty—are county prosecutors in Washington State for each of the counties as identified in the caption above. They are responsible for the enforcement of criminal laws of the State of Washington and for initiating proceedings for the arrest and prosecution of individuals suspected of felony crimes and for civil actions in which their respective counties are parties.

9. All defendants are sued in this action in their official capacities as representatives of the State of Washington and their respective counties.

## JURISDICTION AND VENUE

10. This Court has jurisdiction of this action under 28 U.S.C. § 1331 because Backpage.com alleges a violation of 42 U.S.C. § 1983.

11. The Court may declare the legal rights and obligations of the parties in this action pursuant to 28 U.S.C. § 2201 because the action presents an actual case or controversy within the Court's jurisdiction.

12. Venue is proper in this Court under 28 U.S.C. § 1391 because several of the Defendants in this action are located and reside in this judicial district and all Defendants reside in the State of Washington.

## FACTUAL ALLEGATIONS

13. In 2010, a group of state attorneys general ("AGs") demanded that the online classified ad service craigslist remove its adult services category. Defendant McKenna did

COMPLAINT TO DECLARE INVALID AND ENJOIN
ENFORCEMENT OF WASHINGTON SB 6251 — 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

not join the demand because, as a spokesperson for his office stated, it could cause users to post the same ads elsewhere on craigslist, making it more difficult for law enforcement to police the site.

14. In September 2010, craigslist did remove the adult services category from its website. Almost immediately, adult ads migrated to other categories and websites, including Backpage.com.

15. Upon information and belief, Backpage.com is the second largest online classified advertising service in the United States. Backpage.com allows users to post in a multitude of categories (*e.g.,* local places, community, buy/sell/trade, automotive, musician, rentals, real estate, jobs, forums, dating, adult, and services) and subcategories.

16. Soon after craigslist eliminated its adult services category, the same AGs wrote to Backpage.com insisting that it eliminate its adult category.

17. Shortly after McKenna became president of the National Association of Attorneys General ("NAAG"), that organization sent and publicly released a letter to Backpage.com demanding removal of the adult category and requesting numerous categories of information from Backpage.com "in lieu of a subpoena." At the time, McKenna admitted that state AGs "have little legal standing to forcibly shut down the site" and that the Communications Decency Act provided "broad immunity" to websites for third-party content, presenting a "high barrier" for any actions that state AGs might pursue.

18. Backpage.com has attempted to cooperate with McKenna and NAAG, but has resisted the demand to eliminate its adult category, maintaining that selective online censorship is not a solution to trafficking and child exploitation, but rather that technology and responsible businesses such as Backpage.com can help address these problems.

19. Backpage.com takes numerous steps to prevent any abuse of its site. It prohibits users from misusing its site for illegal purposes, including human trafficking and sexual exploitation of children, and reports suspect user-submitted posts to the authorities. It employs extensive voluntary monitoring measures to prevent and remove improper

COMPLAINT TO DECLARE INVALID AND ENJOIN ENFORCEMENT OF WASHINGTON SB 6251 — 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 1201 Third Avenue Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

postings, including automated filtering and two rounds of manual review of individual postings. And Backpage.com collaborates and cooperates with law enforcement officials, for example by responding to subpoenas, usually within 24 hours of receipt.

20. While declining to work with Backpage.com, McKenna's office instead worked with members of the Washington State Senate to craft a bill imposing criminal liability ostensibly for "advertising commercial sexual abuse of a minor."

21. Earlier this year, both houses of the Washington legislature passed and Governor Christine Gregoire signed, SB 6251, which provides:

> (1) A person commits the offense of advertising commercial sexual abuse of a minor if he or she knowingly publishes, disseminates, or displays, or causes directly or indirectly, to be published, disseminated, or displayed, any advertisement for a commercial sex act, which is to take place in the state of Washington and that includes the depiction of a minor.
>
>  (a) "Advertisement for a commercial sex act" means any advertisement or offer in electronic or print media, which includes either an explicit or implicit offer for a commercial sex act to occur in Washington.
>
>  (b) "Commercial sex act" means any act of sexual contact or sexual intercourse, both as defined in chapter 9A.44 RCW, for which something of value is given or received by any person.
>
>  (c) "Depiction" as used in this section means any photograph or visual or printed matter as defined in RCW 9.68A.011 (2) and (3).
>
> (2) In a prosecution under this statute, it is not a defense that the defendant did not know the age of the minor depicted in the advertisement. It is a defense, which the defendant must prove by a preponderance of the evidence, that the defendant made a reasonable bona fide attempt to ascertain the true age of the minor depicted in the advertisement by requiring, prior to publication, dissemination, or display of the advertisement, production of a driver's license, marriage license, birth certificate, or other governmental or educational identification card or paper of the minor depicted in the advertisement and did not rely solely on oral or written representations of the minor's age, or the apparent age of the minor as depicted. In order to invoke the defense, the defendant must produce for inspection by law enforcement a record of the identification used to verify the age of the person depicted in the advertisement.

COMPLAINT TO DECLARE INVALID AND ENJOIN
ENFORCEMENT OF WASHINGTON SB 6251 — 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 1201 Third Avenue Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

22.     During hearings on SB 6251 and in public statements, Washington senators recognized that the law is vulnerable to challenge under the CDA and as an infringement of free speech under the constitution.  Legislators also stated that the law was aimed at Backpage.com and that they sought to eliminate escort ads and similar Internet postings.

23.     After the legislature passed SB 6251, on a website promoting his gubernatorial campaign McKenna reiterated his call for Congress to amend section 230 of the CDA so that states would not be hampered in their ability to take enforcement action against websites and other computer services.

24.     Absent relief from this Court, SB 6251 will take effect June 7, 2012.

25.     Backpage.com and numerous other online service providers face a threat of prosecution under SB 6251 if it is allowed to go into effect, based on the vague standards of the law criminalizing dissemination of any third-party content containing an "implicit offer" of sex for "something of value" and a depiction of a minor with no requirement of scienter and no defense that an online service provider did not know or had no reason to know that the person depicted in an online posting was a minor.

26.     Alternatively, Backpage.com and numerous other online service providers will suffer immediate and irreparable harm if SB 6251 is allowed to go into effect, because the threat of criminal prosecution under the law will require them to undertake the impossible task to review and censor third-party content, or obtain and retain the required forms of identification from all third-party users seeking to post such content, or block content altogether.

27.     The public and particularly Internet users desiring to post third-party content will be irreparably harmed if SB 6251 is allowed to take effect because their rights of free speech will be burdened or precluded.

### CLAIM I: VIOLATION OF THE COMMUNICATIONS DECENCY ACT, 47 U.S.C. § 230, PURSUANT TO 42 U.S.C. § 1983

28.     Backpage.com incorporates paragraphs 1-27 as if fully set forth herein.

COMPLAINT TO DECLARE INVALID AND ENJOIN ENFORCEMENT OF WASHINGTON SB 6251 — 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

29. Backpage.com is a provider and user of an "interactive computer service" within the meaning of 47 U.S.C. § 230, because it operates the interactive online classified ad service Backpage.com.

30. Washington Senate Bill 6251 violates Backpage.com's rights under 47 U.S.C. § 230(c)(1), because enforcement of the new law would treat Backpage.com, a provider of an interactive computer service, as the publisher or speaker of information provided by another information content provider.

31. SB 6251 is a "State … law that is inconsistent with" section 230, in direct violation of 47 U.S.C. § 230(e)(3).

32. SB 6251 violates and is preempted by section 230 of the CDA, and it therefore should be enjoined and declared invalid.

### CLAIM II: VIOLATION OF THE FIRST AND FIFTH AMENDMENTS OF THE CONSTITUTION, PURSUANT TO 42 U.S.C. § 1983

33. Backpage.com incorporates paragraphs 1-32 as if fully set forth herein.

34. SB 6251 is invalid under the First and Fifth Amendments of the United States Constitution, as applied to the State of Washington by the Fourteenth Amendment, because it purports to impose strict criminal liability on online service providers such as Backpage.com and others for the content of third-party advertisements, in the absence of proof of scienter, particularly concerning any knowledge of the age of any individual depicted in third-party content.

35. SB 6251 is invalid under the First Amendment because it is a content-based restriction that impermissibly chills a substantial amount of protected speech, is not narrowly tailored to serve the State's asserted interests, and is far from the least restrictive alternative available to address the State's interests.

### CLAIM III: VIOLATION OF THE COMMERCE CLAUSE OF THE CONSTITUTION, PURSUANT TO 42 U.S.C. § 1983

36. Backpage.com incorporates paragraphs 1-35 as if fully set forth herein.

COMPLAINT TO DECLARE INVALID AND ENJOIN ENFORCEMENT OF WASHINGTON SB 6251 — 9

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 1201 Third Avenue Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

37. SB 6251 violates the Commerce Clause of the United States Constitution because it attempts to regulate commercial transactions that take place wholly outside the State of Washington.

38. The law violates the Commerce Clause of the United States Constitution because it seeks to apply Washington law in a manner that constitutes an unreasonable and undue burden on interstate commerce that is excessive in relation to any local benefit conferred on the State of Washington and is likely to subject parties to inconsistent state regulations.

### CLAIM IV: DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201

39. Backpage.com incorporates paragraphs 1-38 as if fully set forth herein.

40. This action presents an actual case or controversy between Backpage.com and Defendants concerning the validity and enforceability of SB 6251.

41. Because SB 6251 violates the CDA, 47 U.S.C. § 230, and the First and Fifth Amendments and the Commerce Clause of the United States Constitution, Backpage.com asks for a declaration pursuant to 28 U.S.C. § 2201 that the law is invalid and unenforceable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Backpage.com, LLC respectfully requests that the Court:

1. Declare that Washington Senate Bill 6251 violates 47 U.S.C. § 230 and the First and Fifth Amendments and the Commerce Clause of the United States Constitution, and is invalid and unenforceable;

2. Preliminarily and permanently enjoin Defendants and their respective officers, agents, servants, employees, and attorneys, and those persons in concert or participation with them from taking any actions to enforce Washington Senate Bill 6251, including any investigation, subpoena, arrest, and/or prosecution under the law.

3. Award Backpage.com its reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

COMPLAINT TO DECLARE INVALID AND ENJOIN ENFORCEMENT OF WASHINGTON SB 6251 — 10

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

4. Award Backpage.com such other and further relief as the Court deems just and proper.

DATED this 4th day of June, 2012.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Backpage.com, LLC

By *s/ James C. Grant*
　*s/ Ambika K. Doran*
James C. Grant, WSBA # 15358
Ambika K. Doran, WSBA # 38237
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone: 206-757-8096
Fax: 206-757-8096
E-mail:  jamesgrant@dwt.com
E-mail:  ambikadoran@dwt.com

Elizabeth L. McDougall, WSBA No. 27026
Village Voice Media Holdings, LLC
1008 Western Avenue, Suite 300
Seattle, WA 98104
Tel 206.467.4347
Fax 206.467.4389
Liz.McDougall@VillageVoiceMedia.com

COMPLAINT TO DECLARE INVALID AND ENJOIN
ENFORCEMENT OF WASHINGTON SB 6251 — 11