HON. RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BACKPAGE.COM, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROB MCKENNA, Attorney General of the State of Washington; RANDY J. FLYCKT, Adams County Prosecuting Attorney; BENJAMIN C. NICHOLS, Asotin County Prosecuting Attorney; ANDREW K. MILLER, Benton County Prosecuting Attorney; GARY A. RIESEN, Chelan County Prosecuting Attorney; DEBORAH S. KELLY, Clallam County Prosecuting Attorney; ANTHONY F. GOLIK, Clark County Prosecuting Attorney; REA L. CULWELL, Columbia County Prosecuting Attorney; SUSAN I. BAUR, Cowlitz County Prosecuting Attorney; STEVEN M. CLEM, Douglas County Prosecuting Attorney; MICHAEL SANDONA, Ferry County Prosecuting Attorney; SHAWN P. SANT, Franklin County Prosecuting Attorney; MATTHEW L. NEWBERG, Garfield County Prosecuting Attorney; ANGUS LEE, Grant County Prosecuting Attorney; H. STEWARD MENEFEE, Grays Harbor County Prosecuting Attorney;<br><br>　　*(Continued on next page)* | Case No.: 2:12-cv-00954-RSM<br><br>**COMPLAINT IN INTERVENTION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF REGARDING SB 6251** |

| | |
|---|---|
| 1 | GREGORY M. BANKS, Island County Prosecuting Attorney; SCOTT W. ) |
| 2 | ROSEKRANS, Jefferson County Prosecuting Attorney; DAN SATTERBERG, King County ) |
| 3 | Prosecuting Attorney; RUSSELL D. HAUGE, Kitsap County Prosecuting Attorney; ) |
| 4 | GREGORY L. ZEMPEL, Kittitas County Prosecuting Attorney; LORI L. HOCTOR, ) |
| 5 | Klickitat County Prosecuting Attorney; JONATHAN L. MEYER, Lewis County ) |
| 6 | Prosecuting Attorney; JEFFREY S. BARKDULL, Lincoln County Prosecuting ) |
| 7 | Attorney; MICHAEL K. DORCY, Mason County Prosecuting Attorney; KARL F. ) |
| 8 | SLOAN, Okanogan County Prosecuting Attorney; DAVID J. BURKE, Pacific County ) |
| 9 | Prosecuting Attorney; THOMAS A. METZGER, Pend Oreille County Prosecuting ) |
| 10 | Attorney; MARK LINDQUIST, Pierce County Prosecuting Attorney; RANDALL K. ) |
| 11 | GAYLORD, San Juan County Prosecuting Attorney; RICHARD WEYRICH, Skagit ) |
| 12 | County Prosecuting Attorney; ADAM N. KICK, Skamania County Prosecuting ) |
| 13 | Attorney; MARK K. ROE, Snohomish County Prosecuting Attorney; STEVEN J. ) |
| 14 | TUCKER, Spokane County Prosecuting Attorney; TIMOTHY D. RASMUSSEN, ) |
| 15 | Stevens County Prosecuting Attorney; JON TUNHEIM, Thurston County Prosecuting ) |
| 16 | Attorney; DANIEL H. BIGELOW, Wahkiakum County Prosecuting Attorney; ) |
| 17 | JAMES L. NAGLE, Walla Walla County Prosecuting Attorney; DAVID S. ) |
| 18 | McEACHRAN, Whatcom County Prosecuting Attorney; DENIS P. TRACY, ) |
| 19 | Whitman County Prosecuting Attorney; JAMES P. HAGARTY, Yakima County ) |
| 20 | Prosecuting Attorney, ) |
| 21 | Defendants, in their official capacities. ) |
| 22 | ) |

Case No.: 2:12-cv-00954-RSM   INTERNET ARCHIVE'S COMPLAINT IN INTERVENTION   FOCAL PLLC
800 Fifth Avenue,
Suite 4100
Seattle, WA 98104

Plaintiff-Intervenor the Internet Archive ("the Internet Archive" or "Intervenor") alleges as follows:

**INTRODUCTION**

1. The Internet Archive brings this action to preliminarily and permanently enjoin enforcement of a new Washington law, Senate Bill 6251 ("SB 6251"), that, if effective, would impose an intolerable burden on free speech, in violation of Section 230 of the Communications Decency Act of 1996 (47 U.S.C. § 230) ("CDA 230" or "Section 230") and the First and Fourteenth Amendments to and the Commerce Clause of the United States Constitution.

2. SB 6251 would effectively coerce, by threat of felony prosecution, online service providers to become censors of third-party users' content by threatening five years imprisonment and a $10,000 fine per violation against anyone who knowingly publishes, disseminates or displays or anyone who "indirectly" "causes" the publication, dissemination, or display of content that contains an explicit or even "implicit" offer of any sexual contact for "something of value" in Washington if the content includes an image that turns out to be of a minor. Because of its expansive language (*i.e.*, "indirectly" "causes"), the law could be applied not only to online classified ad services like Backpage.com but also to any web site that provides access to third-party content, including user comments, reviews, chats, and discussion forums, and to social networking sites, search engines, Internet service providers, and more. A law that takes such an overbroad approach is of serious concern to the Internet Archive, which aims to serve as a library for the Internet, and accordingly, houses more than *150 billion* web pages archived since 1996.

3. The law expressly states that it is not a defense that the defendant did not know that the image was of a minor. Instead, to avoid prosecution, the defendant must obtain governmental or educational identification for the person(s) depicted in the post (notably, even if that ID does not contain a photograph). This means that service providers – no matter where headquartered or operated – may be asked to review each and every piece of third-party content

accessible through their services to determine whether the content is an "implicit" ad for a commercial sex act in Washington, whether it includes a depiction of a person, and, if so, obtain and maintain a record of the person's ID. These obligations would severely impede the practice of hosting third-party content online.

4. SB 6251 violates well-established law. Section 230 of the Communications Decency Act prohibits interactive computer service providers from being "treated as the publisher or speaker of any information" provided by a third party and expressly preempts state laws inconsistent with this protection. The First and Fourteenth Amendments to the U.S. Constitution also prohibit state laws that severely inhibit and impose strict criminal liability on speech, which SB 6251 could be interpreted to do. The statute is also vague and overbroad in violation of the First and Fourteenth Amendments to the U.S. Constitution, likely to result in the chilling of protected speech by service providers. Finally, the Commerce Clause also prohibits states from passing and enforcing legislation, like SB 6251, that regulates activity beyond the state's borders. Unfortunately, other states are poised to follow Washington's lead – a similar law will soon take effect in Tennessee, and the legislatures of New York and New Jersey are considering analogous bills.

5. The Court already temporarily enjoined enforcement of SB 6251. It should now permanently do so. Otherwise, online service providers who provide access to third-party content will soon be faced with the prospect of choosing whether to block significant amounts of third-party content, uncertain as to what is unlawful, or to gamble against the risk of felony criminal charges, penalties and imprisonment.

**PARTIES**

6. Plaintiff-Intervenor the Internet Archive is a 501(c)(3) non-profit organization, organized and existing under the laws of the state of California, with its principal place of business in San Francisco, California.

7. Defendant Rob McKenna is Attorney General of the State of Washington.

8. The remaining Defendants – Randy J. Flyckt, Benjamin C. Nichols, Andrew K. Miller, Gary A. Riesen, Deborah S. Kelly, Anthony F. Golik, Rea L. Culwell, Susan I. Baur, Steven M. Clem, Michael Sandona, Shawn P. Sant, Matthew L. Newberg, Angus Lee, H. Steward Menefee, Gregory M. Banks, Scott W. Rosekrans, Dan Satterberg, Russell D. Hauge, Gregory L. Zempel, Lori L. Hoctor, Jonathan L. Meyer, Jeffrey S. Barkdull, Michael K. Dorcy, Karl F. Sloan, David J. Burke, Thomas A. Metzger, Mark Lindquist, Randall K. Gaylord, Richard Weyrich, Adam N. Kick, Mark K. Roe, Steven J. Tucker, Timothy D. Rasmussen, Jon Tunheim, Daniel H. Bigelow, James L. Nagle, David S. McEachran, Dennis P. Tracy, and James P. Hagarty – are county prosecutors in Washington State for each of the counties as identified in the caption above. They are responsible for the enforcement of criminal laws of the state of Washington and for initiating proceedings for the arrest and prosecution of individuals suspected of felony crimes and for civil actions in which their respective counties are parties.

9. All Defendants are sued in this action in their official capacities as representatives of the State of Washington and their respective counties.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction of this action under 28 U.S.C. § 1331 because Intervenor alleges a violation of 42 U.S.C. § 1983.

11. The Court may declare the legal rights and obligations of the parties in this action pursuant to 28 U.S.C. § 2201 because the action presents an actual case or controversy within the Court's jurisdiction.

12. Venue is proper in this Court under 28 U.S.C. § 1391 because several of the Defendants in this action are located and reside in this judicial district, and all Defendants reside in the State of Washington.

## FACTUAL ALLEGATIONS

13. The Internet Archive is a 501(c)(3) non-profit that was founded in 1996 to build an Internet library. It offers permanent access for researchers, historians, scholars, people with disabilities, and the general public to historical collections that exist in digital format.

14. Today Intervenor includes texts, audio, moving images, and software as well as archived web pages in its collections, and provides specialized services for adaptive reading and information access for the blind and other persons with disabilities.

15. Intervenor collects and displays web materials on behalf of the Library of Congress, the National Archives, state archives and libraries, as well as universities and other countries, working to preserve a record for generations to come.

16. As part of its mission to create an accurate and historically relevant archive of the Internet, Intervenor regularly gathers "snapshots" – accessible copies – of content on the World Wide Web through its "crawling" and indexing processes. It currently maintains over 150 billion web pages archived from 1996 to nearly the present from web sites around the world, including archives of third-party content posted to Backpage.com.

17. Archived materials in Intervenor's collection can be accessed at http://www.archive.org.

18. In 2010, a group of state attorneys general ("AGs") demanded that the online classified ad service craigslist remove its adult services category. Defendant McKenna did not join the demand because, as a spokesperson for his office stated, it could cause users to post the same ads elsewhere on craigslist, making it more difficult for law enforcement to police the site.

19. In September 2010, craigslist removed the adult services category from its web site. Almost immediately, adult ads migrated to other categories and web sites, including Backpage.com.

20. Upon information and belief, soon after craigslist eliminated its adult services category, the same AGs wrote to Backpage.com insisting that it eliminate its adult category.

21. Upon information and belief, shortly after McKenna became president of the National Association of Attorneys General ("NAAG"), that organization sent and publicly released a letter to Backpage.com demanding removal of the adult category and requesting numerous categories of information from Backpage.com "in lieu of a subpoena." At the time, McKenna admitted that state AGs "have little legal standing to forcibly shut down the site" and that the Communications Decency Act provided "broad immunity" to web sites for third-party content, presenting a "high barrier" for any actions that state AGs might pursue.

22. Earlier this year, both houses of the Washington legislature passed and Governor Christine Gregoire signed, SB 6251, which provides:

> (1) A person commits the offense of advertising commercial sexual abuse of a minor if he or she knowingly publishes, disseminates, or displays, or causes directly or indirectly, to be published, disseminated, or displayed, any advertisement for a commercial sex act, which is to take place in the state of Washington and that includes the depiction of a minor.
>
> (a) "Advertisement for a commercial sex act" means any advertisement or offer in electronic or print media, which includes either an explicit or implicit offer for a commercial sex act to occur in Washington.
>
> (b) "Commercial sex act" means any act of sexual contact or sexual intercourse, both as defined in chapter 9A.44 RCW, for which something of value is given or received by any person.
>
> (c) "Depiction" as used in this section means any photograph or visual or printed matter as defined in RCW 9.68A.011 (2) and (3).
>
> (2) In a prosecution under this statute, it is not a defense that the defendant did not know the age of the minor depicted in the advertisement. It is a defense, which the defendant must prove by a preponderance of the evidence, that the defendant made a reasonable bona fide attempt to ascertain the true age of the minor depicted in the advertisement by requiring, prior to publication, dissemination, or display of the advertisement, production of a driver's license, marriage license, birth certificate, or other governmental or educational identification card or paper of the minor depicted in the advertisement and did not rely solely on oral or written representations of the minor's age, or the apparent age of the minor as depicted. In order to invoke the defense, the defendant must produce for inspection by law enforcement a record of the identification used to verify the age of the person depicted in the advertisement.

23. During hearings on SB 6251 and in public statements, Washington senators recognized that the law is vulnerable to challenge under CDA 230 and as an infringement of free speech under the Constitution. Legislators also stated that they sought to eliminate escort ads and similar Internet postings.

24. After the legislature passed SB 6251, on a web site promoting his gubernatorial campaign, McKenna reiterated his call for Congress to amend Section 230 so that states would not be hampered in their ability to take enforcement action against web sites and other computer services.

25. SB 6251 was originally scheduled to go into effect on June 7, 2012. However, on June 5, 2012, this Court granted Plaintiff Backpage.com's motion for a temporary restraining order, enjoining Defendants "from taking any actions to enforce SB 6251 or pursue prosecution under the law in any way" until June 19, 2012. Pursuant to the June 5 order, the parties stipulated to extend the TRO until the Court rules on Backpage.com's pending preliminary injunction motion.

26. Online service providers such as Intervenor face a reasonable apprehension of prosecution under SB 6251 if it is allowed to go into effect, based on the vague standards of the law in criminalizing dissemination of any third-party content containing an "implicit offer" of sex for "something of value" and a depiction of a minor – with no requirement of scienter and no defense that an online service provider did not know or had no reason to know that the person depicted in an online posting was a minor.

27. Members of the public generally and particularly Internet users desiring to post third-party content will be irreparably harmed if SB 6251 is allowed to take effect because their rights of free speech will be burdened or precluded.

### CLAIM I: VIOLATION OF THE COMMUNICATIONS DECENCY ACT, 47 U.S.C. § 230, PURSUANT TO 42 U.S.C. § 1983

28. Intervenor incorporates paragraphs 1-27 as if fully set forth herein.

29. Intervenor is a provider and user of an "interactive computer service" within the meaning of 47 U.S.C. § 230 because it makes third-party content available to the public at its web site, www.archive.org.

30. SB 6251 violates Intervenor's rights under 47 U.S.C. § 230, because enforcement of the new law would treat Intervenor, a provider of an interactive computer service, as the publisher or speaker of information provided by another information content provider.

31. SB 6251 is a "State … law that is inconsistent with" Section 230, in direct violation of 47 U.S.C. § 230(e)(3).

32. SB 6251 violates and is preempted by Section 230, and the state law therefore should be enjoined and declared invalid.

**CLAIM II: VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION, PURSUANT TO 42 U.S.C. § 1983**

33. Intervenor incorporates paragraphs 1-32 as if fully set forth herein.

34. SB 6251 is invalid under the First and Fourteenth Amendments to the United States Constitution because it purports to impose strict criminal liability on online service providers such as Backpage.com and others for the content of third-party advertisements, in the absence of proof of scienter, particularly concerning any knowledge of the age of any individual depicted in third-party content.

35. SB 6251 is invalid under the First Amendment because it is a content-based restriction that impermissibly chills a substantial amount of protected speech, is not narrowly tailored to serve the State's asserted interests, and is far from the least restrictive alternative available to address the State's interests.

36. SB 6251 violates the Fourteenth Amendment because it is vague and provides neither adequate notice to citizens of what constitutes unlawful conduct nor adequate standards to prevent its arbitrary enforcement.

**CLAIM III: VIOLATION OF THE COMMERCE CLAUSE
OF THE CONSTITUTION, PURSUANT TO 42 U.S.C. § 1983**

37. Intervenor incorporates paragraphs 1-36 as if fully set forth herein.

38. SB 6251 violates the Commerce Clause of the United States Constitution because the law attempts to regulate commercial transactions taking place wholly outside the State of Washington.

39. The law violates the Commerce Clause of the United States Constitution because it seeks to apply Washington law in a manner that constitutes an unreasonable and undue burden on interstate commerce that is excessive in relation to any local benefit conferred on the State of Washington and is likely to subject parties to inconsistent state regulations.

**CLAIM IV: DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201**

40. Intervenor incorporates paragraphs 1-39 as if fully set forth herein.

41. This action presents an actual case or controversy between Intervenor and Defendants concerning the validity and enforceability of SB 6251.

42. Because SB 6251 violates the CDA, 47 U.S.C. § 230, and the First and Fourteenth Amendments to and the Commerce Clause of the United States Constitution, Intervenor asks for a declaration that the law is invalid and unenforceable pursuant to 28 U.S.C. § 2201.

**PRAYER FOR RELIEF**

WHEREFORE, Intervenor respectfully requests that the Court:

1. Declare that Washington Senate Bill 6251 violates 47 U.S.C. § 230 and the First and Fourteenth Amendments to and the Commerce Clause of the United States Constitution, and is invalid and unenforceable;

2. Preliminarily and permanently enjoin Defendants and their respective officers, agents, servants, employees, and attorneys, and those persons in concert or participation with them from taking any actions to enforce Washington Senate Bill 6251, including any investigation, subpoena, arrest, and/or prosecution under the law;

3. Award Intervenor costs of suit incurred herein, including reasonable attorneys' fees; and

4. Award Intervenor such other and further relief as the Court deems just and proper.

Dated: June 14, 2012

By: s/ Venkat Balasubramani
Venkat Balasubramani, WSBA #28269
FOCAL PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
Tel: (206) 529-4827
Fax: (206) 260-3966
venkat@focallaw.com

Matthew Zimmerman  (*pro hac vice* pending)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Tel:  (415) 436-9333
Fax: (415) 436-9993
mattz@eff.org

*Attorneys for Plaintiff-Intervenor
the Internet Archive*