The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

BACKPAGE.COM, LLC,

               Plaintiff,

    v.

ROB MCKENNA, Attorney General of
the State of Washington; RANDY J.
FLYCKT, Adams County Prosecuting
Attorney; BENJAMIN C. NICHOLS,
Asotin County Prosecuting Attorney;
ANDREW K. MILLER, Benton County
Prosecuting Attorney; GARY A.
RIESEN, Chelan County Prosecuting
Attorney; DEBORAH S. KELLY,
Clallam County Prosecuting Attorney;
ANTHONY F. GOLIK, Clark County
Prosecuting Attorney; REA L.
CULWELL, Columbia County
Prosecuting Attorney; SUSAN I. BAUR,
Cowlitz County Prosecuting Attorney;
STEVEN M. CLEM, Douglas County
Prosecuting Attorney; MICHAEL
SANDONA, Ferry County Prosecuting
Attorney; SHAWN P. SANT, Franklin
County Prosecuting Attorney;
MATTHEW L. NEWBERG, Garfield
County Prosecuting Attorney; ANGUS
LEE, Grant County Prosecuting Attorney;
H. STEWARD MENEFEE, Grays Harbor
County Prosecuting Attorney;
GREGORY M. BANKS, Island County
Prosecuting Attorney; SCOTT W.
ROSEKRANS, Jefferson County
Prosecuting Attorney; DAN

NO.  2:12-cv-00954-RSM

RESPONSE TO MOTION TO
INTERVENE OF THE INTERNET
ARCHIVE

RESPONSE TO MOTION TO
INTERVENE
NO.  2:12-CV-00954-RSM

1

ATTORNEY GENERAL'S OFFICE
Criminal Justice Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-6430

1  SATTERBERG, King County
   Prosecuting Attorney; RUSSELL D.
2  HAUGE, Kitsap County Prosecuting
   Attorney; GREGORY L. ZEMPEL,
3  Kittitas County Prosecuting Attorney;
   LORI L. HOCTOR, Klickitat County
4  Prosecuting Attorney; JONATHAN L.
   MEYER, Lewis County Prosecuting
5  Attorney; JEFFREY S. BARKDULL,
   Lincoln County Prosecuting Attorney;
6  MICHAEL K. DORCY, Mason County
   Prosecuting Attorney; KARL F. SLOAN,
7  Okanogan County Prosecuting Attorney;
   DAVID J. BURKE, Pacific County
8  Prosecuting Attorney; THOMAS A.
   METZGER, Pend Oreille County
9  Prosecuting Attorney; MARK
   LINDQUIST, Pierce County Prosecuting
10 Attorney; RANDALL K. GAYLORD,
   San Juan County Prosecuting Attorney;
11 RICHARD WEYRICH, Skagit County
   Prosecuting Attorney; ADAM N. KICK,
12 Skamania County Prosecuting Attorney;
   MARK K. ROE, Snohomish County
13 Prosecuting Attorney; STEVEN J.
   TUCKER, Spokane County Prosecuting
14 Attorney; TIMOTHY D. RASMUSSEN,
   Stevens County Prosecuting Attorney;
15 JON TUNHEIM, Thurston County
   Prosecuting Attorney; DANIEL H.
16 BIGELOW, Wahkiakum County
   Prosecuting Attorney; JAMES L.
17 NAGLE, Walla Walla County
   Prosecuting Attorney; DAVID S.
18 MCEACHRAN, Whatcom County
   Prosecuting Attorney; DENIS P.
19 TRACY, Whitman County Prosecuting
   Attorney; JAMES P. HAGARTY,
20 Yakima County Prosecuting Attorney,

21                     Defendants.

22

23

24  / / / /

25  / / / /

26  / / / /

RESPONSE TO MOTION TO
INTERVENE
NO.  2:12-CV-00954-RSM                    2                    ATTORNEY GENERAL'S OFFICE
                                                              Criminal Justice Division
                                                              800 Fifth Avenue, Suite 2000
                                                              Seattle, WA  98104-3188
                                                              (206) 464-6430

**TABLE OF CONTENTS**

I.     ISSUES PRESENTED ................................................................................... 2

II.    STATEMENT OF THE CASE ...................................................................... 3

III.   ARGUMENT ................................................................................................ 4

       A.   The Internet Archive Is Not Entitled To Intervention As A Matter Of Right. .......... 5

            1.   The Motion to Intervene is Timely ................................................... 5

            2.   Internet Archive Does Not Have a Significant Protectable Interest Relating to the Property or Transaction That is the Subject of this Action ...... 6

            3.   The Disposition of the Action Will Not, as a Practical Matter, Impair or Impede Internet Archive's Ability to Protect its Interest. ................... 6

            4.   Backpage.com Can Adequately Represent Internet Archive's Interest. ........... 7

       B.   Internet Archive Is Not Entitled To Permissive Intervention. ................................... 8

            1.   The interests of Backpage.com are sufficiently similar to that of Internet Archive such that the legal arguments raised by Internet Archive have already been raised by Backpage.com ................................................ 9

            2.   Backpage.com is capable and willing to make the same arguments raised by Internet Archive ........................................................................... 10

            3.   If permitted to intervene, Internet Archive would not add any necessary elements to the proceedings which would not be covered by Backpage.com. .................................................................................. 10

IV.    CONCLUSION ............................................................................................ 11

RESPONSE TO MOTION TO
INTERVENE
NO.  2:12-CV-00954-RSM

3

ATTORNEY GENERAL'S OFFICE
Criminal Justice Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-6430

1

## TABLE OF AUTHORITIES

2

### Cases

*American Nat'l Bank and Trust Co. of Chicago v. City of Chicago*
865 F.2d 144 (7th Cir. 1989) .................................................................... 7

*Amoco Oil Co. v. Dingwell*
690 F.Supp. 78, *affirmed* 884 F.2d 629 (D.Me. 1988) ....................... 8

*Arakaki v. Cayetano*
324 F.3d 1078 (9th Cir. 2003) ................................................................ 5

*Blake v. Pallan*
554 F.2d 947 (9th Cir. 1977) ............................................................. 6, 7

*Brennan v. N.Y.C. Bd. Of Educ.*
260 F.3d 123 (2d Cir. 2001) .................................................................. 6

*Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*
51 F.Supp. 972 (5th Cir. 1943) ............................................................. 9

*League of United Latin Am. Citizens v. Wilson*
131 F.3d 1297 (9th Cir. 1997) ............................................................... 5

*Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*
471 F.3d 377 (2nd Cir. 2006) ................................................................. 5

*Nw. Forest Res. Council v. Glickman*
82 F.3d 825 (9th Cir. 1996) .................................................................. 8

*Oneida Indian Nation of New York v. Madison County Oneida County, N.Y.*
605 F.3d 149 (2nd Cir. 2010) ................................................................ 5

*Oregon Environmental Council v. Oregon Dept. of Environmental Quality*
775 F.Supp. 353 (9th Cir. 1991) ................................................... 7, 8, 11

*Reich v. Webb*
336 F.2d 153 (9th Cir. 1964) ................................................................. 8

*Trbovich v. United Mine Workers of Am.*
404 U.S. 528 (1972) ............................................................................. 11

*United States v. Pitney Bowes, Inc.*
25 F.3d 66 (2nd Cir. 1994) .................................................................... 8

### Constitutional Provisions

U.S. Const. amend. I ........................................................................... 3, 9

RESPONSE TO MOTION TO
INTERVENE
NO.  2:12-CV-00954-RSM

4

ATTORNEY GENERAL'S OFFICE
Criminal Justice Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-6430

U.S. Const. amend. V ................................................................................................. 3, 9

U.S. Const. art. I § 8 .................................................................................................. 3, 9

**Statutes**

47 U.S.C § 230 ........................................................................................................... 3, 9

SB 6251, 62nd Leg., 2012 Sess. (Wash.2012) .................................................... passim

**Rules**

Federal Rule of Civil Procedure 19 ............................................................................. 5

Federal Rule of Civil Procedure 24 ................................................................. 4, 5, 6, 8

Federal Rule of Civil Procedure 78 ........................................................................... 12

**Other Authorities**

Susan Kuchinskas, *Village Voice Media Pressured to Drop Backpage.com Adult Ads, at* www.clickz.com, October 27, 2011 ...................................................................... 10

RESPONSE TO MOTION TO
INTERVENE
NO.  2:12-CV-00954-RSM

5

ATTORNEY GENERAL'S OFFICE
Criminal Justice Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-6430

# I.   ISSUES PRESENTED

1.  Is the Internet Archive Entitled to Intervention as a Matter of Law?

2.  Is the Internet Archive Entitled to Permissive Intervention?

# II.   STATEMENT OF THE CASE

On March 29, 2012, Washington Governor Christine Gregoire signed SB 6251, 62nd Leg., 2012 Sess. (Wash.2012) ("SB 6251") into law.   The law seeks to "[eliminate] sex trafficking of minors in a manner consistent with federal laws prohibiting sexual exploitation of children."  SB 6251 § 1.  To accomplish this goal, SB 6251 creates the criminal offense of "advertising commercial sexual abuse of a minor", which a person commits if "he or she knowingly publishes, disseminates, or displays, or causes directly or indirectly, to be published, disseminated, or displayed, any advertisement for a commercial sex act, which is to take place in the state of Washington and that includes the depiction of a minor."  SB 6251 § 2(1).  SB 6251 makes violation of the law a class C felony.  SB 6251 § 2(3).  The law is narrowly tailored to target only the illegal speech "of escort services advertising [that] includes minors who are being sold for sex, a form of sex trafficking and commercial sexual abuse of minors."  SB 6251 § 1.  It also only applies to those ads that offer a sexual encounter with a minor in the state of Washington.  SB 6251 § 2(1).  The law does not extend to those who unwittingly publish, disseminate or display such illegal content, nor does it extend to other forms of illegal content, such as prostitution ads relating to adults.

On June 4, 2012, Backpage.com filed a complaint in U.S. District Court, Western District of Washington, seeking to have SB 6251 declared invalid and unenforceable. Complaint to Declare Invalid and Enjoin Enforcement of Washington Senate Bill 6251 For Violation of the Communications Decency Act, and the First and Fifth Amendments and

6

Commerce Clause of the United States Constitution at 10 (hereinafter "Complaint"). Backpage.com claims to be "the second largest online classified advertising service in the United States." *Id.* at 6.  Backpage.com "allows users to post in a multitude of categories", thereby acting as a conduit for the publication of third-party content. *Id.*  On June 5, 2012, the U.S. District Court in Washington granted Backpage.com's request for a temporary restraining order against the enforcement of SB 6251.

On June 14, 2012, movant Internet Archive filed a Motion to Intervene (hereinafter "Motion") in the complaint filed by Backpage.com, arguing that it is entitled to both intervention as a matter of right and permissive intervention under Federal Rule of Civil Procedure 24.[1]  In support of its motion, Internet Archive argues both that it is so similarly situated to Backpage.com that permissive intervention should be granted, and also that it is so uniquely different than Backpage.com that it is entitled to intervention as a matter of right. Because Internet Archive fails to establish the requirements of Fed. R. Civ. P. 24(a), intervention as a matter of right is inappropriate.   Furthermore, because Internet Archive's interests can be adequately conveyed by amicus curiae status, this Court should deny permissive intervention.

### III.    ARGUMENT

Internet Archive argues that under Fed. R. Civ. P. 24, it should be allowed to intervene as a matter of right, or in the alternative permissibly. Because Internet Archive fails to meet the

---

[1] In the Motion, counsel for Internet Archive states he had contacted the defendants to determine whether they consented to intervention, and that he would "continue to confer with Defendants in the hopes of gaining their affirmative consent."  However, when counsel for Internet Archive contacted counsel for the Attorney General, on June 13, 2012, he would not say who he represented, instead stating only that he represented a party that had some common interests with Backpage.com and that his client was considering intervening and would call counsel back if they decided to intervene.  The Attorney General has had no further direct communication from Internet Archive and its counsel since that time.  Counsel for Defendant Russell Hauge relayed that a similar limited exchange occurred with them on June 14, 2012.

requirements of Fed. R. Civ. P. 24(a) and (b), and amicus curiae status is appropriate, its motion should be denied.

**A.      The Internet Archive Is Not Entitled To Intervention As A Matter Of Right.**

Under Fed. R. Civ. P. 24(a)(2), a party is entitled to intervene where (1) the intervention is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). Each of these four requirements must be met to support a right to intervene. *Id.* (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997)). However, "if a party is not 'necessary' under Rule 19(a), then it cannot satisfy the test for intervention as a right under Rule 24(a)(2). *Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.* 471 F.3d 377, 389 (2nd Cir. 2006). Fed. R. Civ. P. 19(a) requires parties to be joined if joinder is feasible and it the parties are necessary to "accord complete relief among existing parties," Fed. R. Civ. P. 19(a)(1)(A), or if under specified circumstances, disposing of the case without that party might "(i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest," Fed. R. Civ. P. 19(a)(1)(B). *Oneida Indian Nation of New York v. Madison County*, *Oneida County, N.Y.,* 605 F.3d 149, 162 (2nd Cir. 2010).

**1.      The Motion to Intervene is Timely**

Backpage.com filed its complaint on June 4, 2012. No responsive pleadings have been filed. On June 14, 2012, Internet Archive filed its motion to intervene. Respondent agrees the

RESPONSE TO MOTION TO
INTERVENE
NO.  2:12-CV-00954-RSM

8

ATTORNEY GENERAL'S OFFICE
Criminal Justice Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-6430

motion is timely.

### 2.   Internet Archive Does Not Have a Significant Protectable Interest Relating to the Property or Transaction That is the Subject of this Action

[F]or an interest to be cognizable under Rule 24(a)(2), it must be direct, substantial, and legally protectable. An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule. *Brennan v. N.Y.C. Bd. Of Educ.,* 260 F.3d 123, 129 (2d Cir. 2001). No clear definition has been established by the Supreme Court or the lower courts for the "interest relating to the property or transaction which is the subject of the action" that is required for intervention of right. *Blake v. Pallan,* 554 F.2d 947, 952 (9th Cir. 1977). However, it is clear the intent behind this requirement is to only allow intervention as a matter of right in order to protect a specific property or contractual right held by the proposed intervenor, rather than a general potential interest in the subject matter of the litigation. In its Motion, Internet Archive fails to specify a significant, direct, substantial, and legally protectable interest that is different than every other online service provider. In fact, Internet Archive's purported "interest" is simply general exposure to criminal liability under SB 6251, not a specific property or transactional interest that is distinguishable from every other online service provider.

### 3.   The Disposition of the Action Will Not, as a Practical Matter, Impair or Impede Internet Archive's Ability to Protect its Interest.

Because Internet Archive fails to demonstrate a significant interest relating to the property or transaction which is the subject of the action, the disposition of this action will not, as a practical matter, impair or impede Internet Archive's ability to protect its interests. Internet Archive's interests in avoiding criminal liability under SB 6251 are not in any way

RESPONSE TO MOTION TO
INTERVENE
NO.  2:12-CV-00954-RSM

9

ATTORNEY GENERAL'S OFFICE
Criminal Justice Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-6430

distinguishable from the interests of every other online service provider or other host of third party content.

### 4.    Backpage.com Can Adequately Represent Internet Archive's Interest.

An applicant for intervention has the burden to demonstrate that its interests may not be adequately represented by the existing parties to the suit. *Blake*, 554 F.2d at 954.  When considering the adequacy of representation, the court considers three factors: (1) Are the interests of a present party in the suit sufficiently similar to that of the absentee such that the legal arguments of the latter will undoubtedly be made by the former; (2) is that present party capable and willing to make such arguments; and (3) if permitted to intervene, would the intervenor add some necessary element to the proceedings which would not be covered by the parties in the suit? *Id.* at 954-55.  Where the intervenor and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. *Oregon Environmental Council v. Oregon Dept. of Environmental Quality,* 775 F.Supp. 353, 359 (9th Cir. 1991) (citing *American Nat'l Bank and Trust Co. of Chicago v. City of Chicago*, 865 F.2d 144, 148 n.3 (7th Cir. 1989)).

Internet Archive concedes that its current interests in the case are consistent with that of Backpage.com.  Motion at 11.  This is not surprising, because Internet Archive fails to demonstrate how its position differs from Backpage.com in any meaningful way.  Internet Archive suggests its interests may diverge in the future, and that it therefore has a unique, institutional interest that may not be adequately represented by Backpage.com. *Id.* at 10-11.  This speculation about future differences does not demonstrate that Backpage.com's current representation might be inadequate.

RESPONSE TO MOTION TO
INTERVENE
NO.  2:12-CV-00954-RSM

10

ATTORNEY GENERAL'S OFFICE
Criminal Justice Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-6430

**B.      Internet Archive Is Not Entitled To Permissive Intervention.**

"On timely motion, the court may permit anyone to intervene who: has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).   A court *may* grant permissive intervention where the applicant shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.  *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996) (emphasis added).   Even where a party meets the requirements for permissive intervention, the court has broad discretion to determine whether to grant intervention.  *Amoco Oil Co. v. Dingwell,* 690 F.Supp. 78, 83-84, *affirmed* 884 F.2d 629 (D.Me. 1988).  Intervention is designed to accommodate two competing policies: "efficiently administering legal disputes by resolving all related issues in one lawsuit of the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand."  *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2nd Cir. 1994); *Reich v. Webb*, 336 F.2d 153, 160 (9th Cir. 1964).   "Where proposed intervenors would present no new questions to the court, conferring amicus status is generally preferred over a grant of permissive intervention."  *Oregon Environment Council*, 775 F.Supp. at 360.

Here, the Respondent agrees that Internet Archive can show independent grounds for jurisdiction, its motion is timely, and its claim has a question of law and/or fact that is common with the complaint filed by Backpage.com.  In fact, Internet Archive's interest and claims are identical to that of Backpage.com, and it is for that reason that permissive intervention should be denied.

RESPONSE TO MOTION TO INTERVENE
NO.  2:12-CV-00954-RSM

11

ATTORNEY GENERAL'S OFFICE
Criminal Justice Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-6430

Internet Archive fails to present the Court with any new questions that would warrant permissive intervention. Internet Archive's interests will be fully served by amicus curiae status. As explained by a venerable decision from the 5th Circuit,

> It is easy enough to see what are the arguments against intervention where, as here, the intervenor merely underlines issues of law already raised by the primary parties. Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair. Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention.

*Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F.Supp. 972, 973 (5th Cir. 1943).

**1.    The interests of Backpage.com are sufficiently similar to that of Internet Archive such that the legal arguments raised by Internet Archive have already been raised by Backpage.com**

In its complaint, Backpage.com alleges that SB 6251 violates the Communications Decency Act under 47 U.S.C. § 230, that it violates the First and Fifth Amendments of the Unites States Constitution, and that it violates the Commerce Clause of the United States Constitution. Complaint at 8-10. Internet Archive has raised the identical issues[2] in its motion. Motion at 7-10. Backpage.com also seeks the same relief sought by Internet Archive: that SB 6251 be declared invalid and unenforceable. Complaint at 10.

As stated previously, Internet Archive concedes that its current interests in the case are consistent with that of Backpage.com. Motion at 11. Internet Archive fails to demonstrate how its position differs from Backpage.com in any meaningful way. Internet Archive suggests its interests may diverge in the future, and that it therefore has a unique, institutional interest

---

[2] Internet Archive raises a challenge of vagueness, however a review of Backpage.com's motion for temporary restraining order and preliminary injunction clearly demonstrates that this issue is encompassed in Backpage.com's request for repeal. Motion of Plaintiff Backpage.com for Temporary Restraining Order and Preliminary Injunction, pp. 16-21.

that may not be adequately represented by Backpage.com.  *Id.* at 10-11.  This speculation about future differences does not demonstrate that Backpage.com's current representation might be inadequate.  In fact, any chances of diverging interests in the future, with respect to this lawsuit, are highly unlikely considering their shared objective of repealing SB 6251, and the fact that the parties have raised identical issues in support of their request for repeal.

> **2.      Backpage.com is capable and willing to make the same arguments raised by Internet Archive.**

Because it is clear that Backpage.com is not only capable of making the arguments raised by Internet Archive, but it has in fact *already done so*, it cannot be argued that Backpage.com cannot adequately represent Internet Archives' interest in the case.

Internet Archive argues that it would not be covered by any consent decree that may be entered into with the Defendants.  However, given that Backpage.com has "resisted the demand to eliminate its adult category", and instead filed this lawsuit, it is highly unlikely Backpage.com intends to enter into a consent decree to do just what it has vigorously opposed. *See* Complaint at 6.  Furthermore, Backpage.com has high financial incentive to continue with its "adult category"—$22 million per year in revenue from "online prostitution advertising." Susan Kuchinskas, *Village Voice Media Pressured to Drop Backpage.com Adult Ads*, *at* www.clickz.com, October 27, 2011 (citing an estimate by AIM Group, an interactive media consultancy.)  There is no indication that Backpage.com has any incentive to enter into a consent decree.

> **3.      If permitted to intervene, Internet Archive would not add any necessary elements to the proceedings which would not be covered by Backpage.com.**

Internet Archive argues that its business is factually different than Backpage.com because Internet Archive deals with historical third-party content, as opposed to third-party

RESPONSE TO MOTION TO
INTERVENE
NO.  2:12-CV-00954-RSM

13

ATTORNEY GENERAL'S OFFICE
Criminal Justice Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-6430

content under the direct control of third-party posters. Motion at 11. Internet Archive fails, however, to articulate how this minor difference in services adds any necessary elements to the proceedings. Rather, Internet Archive vaguely references "unique concerns" and "other unique perspectives" without articulating what those "concerns" and "perspectives" are. Motion at 11.

Internet Archive argues that an applicant for intervention need only show that representation of its interest may be inadequate, not that representation will in fact be inadequate. Motion at 10 (citing *Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 538 n.10 (1972)). Respondent agrees with this assertion, however Internet Archive has failed to meet even this minimal standard. Because Internet Archive and Backpage.com have the same ultimate objective -- a declaration that SB 6251 is invalid and unenforceable -- it is presumed that Backpage.com's representation is adequate. *See Oregon Environmental Council*, 755 F.Supp. 353. Internet Archive has not overcome that presumption with its vague assertions about the inadequacy of Backpage.com's representation.

Because Internet Archive's intervention into this proceeding would serve no purpose but to delay progress and increase costs, conferring amicus curiae status is the appropriate designation for Internet Archive to assert its interest in the outcome of Backpage.com's complaint.

## IV.    CONCLUSION

Because Internet Archive is not entitled to intervention as a matter of right, and because permissive intervention is not warranted in this case, Internet Archive's motion should be denied and they should be conferred amicus curiae status.

In its Motion, Internet Archive noted the Motion to Intervene for June 29, 2012 and

RESPONSE TO MOTION TO
INTERVENE
NO.  2:12-CV-00954-RSM

14

ATTORNEY GENERAL'S OFFICE
Criminal Justice Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-6430

1    requested oral argument.   Respondents request the motion be decided on submission of the

2    briefs without oral argument pursuant to Fed. R. Civ. P. 78(b).

3

4         DATED this 25th day of June, 2012.

5
                                    ROBERT M. MCKENNA
6                                   Attorney General

7
                                    By: /s/ Lana S. Weinmann
8                                   LANA S. WEINMANN, WSBA #21393
                                    Senior Assistant Attorney General
9                                   Attorney General's Office
                                    800 Fifth Avenue, Suite 2000
10                                  Seattle, WA 98104
                                    Telephone (206) 389-2022; Fax (206) 587-5088
11

12                                  By: /s/ David Eldred
                                    DAVID ELDRED, WSBA #26125
13                                  AMY EIDEN, WSBA # 35105
                                    King County Deputy Prosecuting Attorneys
14                                  King County Prosecutor's Office
                                    500 4th Avenue, Suite 900
15                                  Seattle, WA 98104
                                    Telephone (206) 296-8820; Fax (206) 296-8819
16                                  E-mail: David.Eldred@kingcounty.gov;
                                    Amy.Eiden@kingcounty.gov
17

18                                  By: /s/ Ione S. George
                                    IONE S. GEORGE, WSBA #18236
19                                  Kitsap County Prosecutor
                                    Kitsap County Prosecutor's Office
20                                  614 Division St, MS 35A
                                    Port Orchard, WA 98366
21                                  Telephone (360) 337-4957; Fax (360) 337-7083
                                    Email: igeorge@co.kitsap.wa.us
22
                                    *Attorneys for Defendants*
23

24

25

26

1

**CERTIFICATE OF SERVICE**

2       I, Allison Cleveland, declare that on this 25th day of June, 2012, I caused to be

3  electronically filed the foregoing document with the Clerk of the Court using CM/ECF

4  system which will send notification of such filing to all counsel of record:

5       I certify under penalty of perjury under the laws of the state of Washington that the

6  foregoing is true and correct.

7       DATED this 25th day of June, 2012, at Seattle, WA.

8

9                                      By: /s/ Allison Cleveland
                                       ALLISON CLEVELAND, Legal Assistant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

RESPONSE TO MOTION TO                16
INTERVENE
NO.  2:12-CV-00954-RSM

ATTORNEY GENERAL'S OFFICE
Criminal Justice Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-6430