1

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8
AT SEATTLE

9
BACKPAGE.COM, LLC,                                          )
                                                           )
10
                          Plaintiff,                        )   No. C12-954-RSM
                                                           )
11
          v.                                                )   **ORDER GRANTING THE**
                                                           )   **INTERNET ARCHIVE'S**
12
                                                           )   **MOTION TO INTERVENE**
ROB MCKENNA, Attorney General of the                        )
13
State of Washington; RANDY J. FLYCKT,                       )
Adams County Prosecuting Attorney;                          )
14
BENJAMIN C. NICHOLS, Asotin County                          )
Prosecuting Attorney; ANDREW K. MILLER,                     )
15
Benton County Prosecuting Attorney; GARY                    )
A. RIESEN, Chelan County Prosecuting                        )
16
Attorney; DEBORAH S. KELLY, Clallam                         )
County Prosecuting Attorney; ANTHONY F.                     )
17
GOLIK, Clark County Prosecuting Attorney;                   )
REA L. CULWELL, Columbia County                             )
18
Prosecuting Attorney; SUSAN I. BAUR,                        )
Cowlitz County Prosecuting Attorney;                        )
19
STEVEN M. CLEM, Douglas County                              )
Prosecuting Attorney; MICHAEL SANDONA,                      )
20
Ferry County Prosecuting Attorney; SHAWN P.                 )
SANT, Franklin County Prosecuting Attorney;                 )
21
MATTHEW L. NEWBERG, Garfield County                         )
Prosecuting Attorney; ANGUS LEE, Grant                      )
22
County Prosecuting Attorney; H. STEWARD                     )
MENEFEE, Grays Harbor County Prosecuting                    )
23
Attorney;                                                   )
                                                           )
24
          *(Continued on Page 2)*                            )
                                                           )
25

26

27

ORDER ON MOTION FOR PRELIMINARY INJUNCTION — 1

*(Continued from Page 1)*

| | |
|---|---|
| 1 | |
| 2 | GREGORY M. BANKS, Island County   ) |
| | Prosecuting Attorney; SCOTT W.   ) |
| 3 | ROSEKRANS, Jefferson County Prosecuting   ) |
| | Attorney; DAN SATTERBERG, King County   ) |
| 4 | Prosecuting Attorney; RUSSELL D. HAUGE,   ) |
| | Kitsap County Prosecuting Attorney;   ) |
| 5 | GREGORY L. ZEMPEL, Kittitas County   ) |
| | Prosecuting Attorney; LORI L. HOCTOR,   ) |
| 6 | Klickitat County Prosecuting Attorney;   ) |
| | JONATHAN L. MEYER, Lewis County   ) |
| 7 | Prosecuting Attorney; JEFFREY S.   ) |
| | BARKDULL, Lincoln County Prosecuting   ) |
| 8 | Attorney; MICHAEL K. DORCY, Mason   ) |
| 9 | County Prosecuting Attorney; KARL F.   ) |
| | SLOAN, Okanogan County Prosecuting   ) |
| 10 | Attorney; DAVID J. BURKE, Pacific County   ) |
| | Prosecuting Attorney; THOMAS A.   ) |
| 11 | METZGER, Pend Oreille County Prosecuting   ) |
| | Attorney; MARK LINDQUIST, Pierce   ) |
| 12 | County Prosecuting Attorney; RANDALL K.   ) |
| 13 | GAYLORD, San Juan County Prosecuting   ) |
| | Attorney; RICHARD WEYRICH, Skagit   ) |
| 14 | County Prosecuting Attorney; ADAM N.   ) |
| | KICK, Skamania County Prosecuting   ) |
| 15 | Attorney; MARK K. ROE, Snohomish   ) |
| 16 | County Prosecuting Attorney; STEVEN J.   ) |
| | TUCKER, Spokane County Prosecuting   ) |
| 17 | Attorney; TIMOTHY D. RASMUSSEN,   ) |
| | Stevens County Prosecuting Attorney; JON   ) |
| 18 | TUNHEIM, Thurston County Prosecuting   ) |
| 19 | Attorney; DANIEL H. BIGELOW,   ) |
| | Wahkiakum County Prosecuting Attorney;   ) |
| 20 | JAMES L. NAGLE, Walla Walla County   ) |
| | Prosecuting Attorney; DAVID S.   ) |
| 21 | McEACHRAN, Whatcom County   ) |
| 22 | Prosecuting Attorney; DENIS P. TRACY,   ) |
| | Whitman County Prosecuting Attorney;   ) |
| 23 | JAMES P. HAGARTY, Yakima County   ) |
| 24 | Prosecuting Attorney,   ) |
| | ) |
| 25 | ) |
| 26 | Defendants, in their   ) |
| | official capacities.   ) |
| 27 | ) |

ORDER ON MOTION FOR PRELIMINARY INJUNCTION — 2

**I. INTRODUCTION**

This matter comes before the Court upon the Motion to Intervene filed by The Internet Archive ("Movant").  In this litigation, Backpage.com seeks to preliminarily enjoin enforcement of a new Washington law, Senate Bill 6251 ("SB 6251"), which was scheduled to take effect on June 7, 2012.[1]  SB 6251 seeks to criminalize the offense of advertising commercial sexual abuse of a minor.  Movant seeks to intervene as a matter of right to protect its rights under federal law or, in the alternative, to intervene permissively pursuant to Fed. R. Civ. P. 24(b)(1)(B).   For the reasons set forth below, Movant's motion is GRANTED.

**II. DISCUSSION**

**A.   Background**

SB 6251 was aimed at "eliminating sex trafficking of minors in a manner consistent with federal laws prohibiting sexual exploitation of children."  SB 6251 § 1.  The statute makes it a felony to knowingly publish, disseminate, or display or to "directly or indirectly" cause content to be published, disseminated or displayed if it contains a "depiction of a minor" and any "explicit or implicit offer" of sex for "something of value."  Under the proposed law, it is not a defense that the defendant did not know the age of the person depicted and the defendant may not rely on a representation by or the apparent age of the person depicted.  It is a defense under the law, however, that the defendant obtained and retained government or school identification for the person depicted.[2]

---

[1] On June 5, 2012, this Court granted Plaintiff's motion for a temporary restraining order enjoining enforcement of the statute and scheduled a hearing on Plaintiff's motion for a preliminary injunction. *See* Dkt. #7.  The parties later stipulated to continue the hearing until July 20, 2012. *See* Dkt. #17.

[2] The relevant portion of the statute provides:

(1)  A person commits the offense of advertising commercial sexual abuse of a minor if he or she knowingly publishes, disseminates, or displays, or causes directly or indirectly, to be published, disseminated, or displayed, any advertisement for a commercial sex act, which is to take place in the state of Washington and that includes the depiction of a minor.

ORDER ON MOTION FOR PRELIMINARY INJUNCTION — 3

1
2
3
4
5
6
7
8

Plaintiff Backpage.com operates a web site that displays user-generated advertisements in various categories, including "dating" and "adult."  Although Backpage.com takes voluntary measures to police user content, it has been under scrutiny since 2008 for displaying ads for prostitution, including ads trafficking minors.  *See* Dkt. #4, Ex. F.  Facing similar scrutiny, Backpage.com's competitor, craigslist.org, removed its "adult services" category in September 2010.  *Id.,* ¶6 & Ex. E.  That same month, the Attorneys General of several states wrote Backpage.com a letter indicating that its increased efforts to filter illegal ads were insufficient and requesting that it remove the adult services portion of its website.  *Id.*, Ex. F.

9
10
11
12
13
14
15
16
17

Given this context, Backpage.com argues that, although legislators named the offense criminalized under SB 6251 "advertising commercial sexual abuse of a minor," SB 6251 was intended to and will eliminate all adult-oriented Internet advertising. Backpage.com further argues that the statute unconstitutionally poses a threat of strict criminal liability not only to classified ad websites such as itself, but also to any site that allows third parties to post content that include images.  It seeks to enjoin the enforcement of SB 6251, claiming that the statute violates section 230 of the Communications Decency Act of 1996 ("CDA"), 47 U.S.C. § 230, the First and Fifth Amendments to the United States Constitution, and the Commerce Clause of the United States Constitution.

18
19
20
21
22

(a) "Advertisement for a commercial sex act" means any advertisement or offer in electronic or print media, which includes either an explicit or implicit offer for a commercial sex act to occur in Washington.

(b) "Commercial sex act" means any act of sexual contact or sexual intercourse, both as defined in chapter 9A.44 RCW, for which something of value is given or received by any person.

(c) "Depiction" as used in this section means any photograph or visual or printed matter as defined in RCW 9.68A.011(2)  and (3).

23
24
25
26
27

(2) In a prosecution under this statute, it is not a defense that the defendant did not know the age of the minor depicted in the advertisement.  It is a defense, which the defendant must prove by a preponderance of the evidence, that the defendant made a reasonable bona fide attempt to ascertain the true age of the minor depicted in the advertisement by requiring, prior to publication, dissemination, or display of the advertisement, production of a driver's license, marriage license, birth certificate, or other governmental or educational identification card or paper of the minor depicted in the advisement and did not rely solely on oral or written representations of the minor's age, or the apparent age of the minor as depicted.  In order to invoke the defense, the defendant must produce for inspection by law enforcement a record of the identification used to verify the age of the person depicted in the advertisement.

ORDER ON MOTION FOR PRELIMINARY INJUNCTION — 4

1      The Internet Archive is a non-profit corporation whose mission is to build an "Internet

2   library," offering permanent access to historical collections that exist in digital format for

3   researchers, historians, and scholars.  Founded in 1996, the Internet Archive works to prevent

4   the Internet and other "born-digital" materials from disappearing into the past.  As part of this

5   mission, the Internet Archive regularly gathers "snapshots" of content on the World Wide Web

6   through a "crawling" and indexing process.  It currently maintains over 150 billion web pages

7   archived from 1996 to the present from web sites around the world, including archives of third-

8   party content posted to web sites like Backpage.com and craigslist.org. Because of the volume

9   of the material that it archives, the Internet Archive claims that it cannot practically evaluate the

10  legality of any significant portion of third-party content that it archives and makes available to

11  others.

12      The Internet Archive moves to intervene in this lawsuit to defend its interest in making

13  digital archives of publicly available third-party content and to "defend the proper

14  interpretation of the important federal legal framework that helps ensure that the Internet

15  Archive's work can proceed."  Dkt. #22, p. 12.  It argues that SB 6251 violates the CDA, the

16  First and Fourteenth Amendments to the United States Constitution, and the Commerce Clause.

17  *See* Dkt. #22, Ex. 1 (Complaint in Intervention).  Defendants oppose the motion.

18

19  **B.   Analysis**

20      Fed. R. Civ. P. 24(a)(2) provides that, "[o]n timely motion, the court must permit

21  anyone to intervene who … claims an interest relating to the property or transaction that is the

22  subject of the action, and is so situated that disposing of the action may as  a practical matter

23  impair or impede the movant's ability to protect its interest, unless existing parties adequately

24  represent that interest."   In the Ninth Circuit, a party seeking to intervene as of right must meet

25  four requirements: (1) its motion must be timely; (2) it must have a significantly protectable

26  interest relating to the property or transaction that is the subject of the action; (3) it must be

27  situated such that the disposition of the action may impair or impede the party's ability to

ORDER ON MOTION FOR PRELIMINARY INJUNCTION — 5

1   protect that interest; and (4) it must demonstrate that its interest will not be adequately

2   represented by existing parties. *Donnelly v. Glickman*, 159 F.3d  405, 409 (9th Cir. 1998).  Rule

3   24 is to be broadly construed in favor of intervention and courts are to be "guided primarily by

4   practical and equitable considerations." *Id*.

5       The parties do not dispute that Movant's motion to intervene is timely. The Court considers

6   the remaining factors in turn.

7

8       1.   Significant Protectable Interest

9       The requirement of a significantly protectable interest is generally satisfied when "the

10  interest is protectable under some law, and that there is a relationship between the legally

11  protected interest and the claims at issue." *Sierra Club v. EPA,* 995 F.2d 1478, 1484 (9th

12  Cir.1993). "An applicant generally satisfies the 'relationship' requirement only if the resolution

13  of the plaintiff's claims actually will affect the applicant." *Id.*  Here, Movant argues that it has

14  protectable interests under the CDA, the First and Fourteenth Amendments, and the Commerce

15  Clause not to be subject to criminal liability for its activities in preserving and archiving third-

16  party content that may run afoul of the new Washington statute. This Court agrees that there is

17  no "more direct, specific, and non-representative interest a perspective [sic] intervenor could

18  have" than exposure to criminal liability.  *Natural Res. Def. Council v. Norton,* No. 1:05-CV-

19  1207, 2006 WL 39094, at *8 (E.D. Cal. Jan. 5, 2006).  Movant satisfies this element of the test.

20      2.  Impairment of Interest

21

22      A party seeking intervention as a matter of right must show that "the disposition of the

23  action may, as a practical matter, impair or impede [its] ability to protect [its] interest."  *United*

24  *States v. Oregon*, 839 F.2d 635, 637 (9th Cir. 1988).  The Ninth Circuit "follow[s] the guidance

25  of Rule 24 advisory committee notes that state that 'if an absentee would be substantially

26  affected in a practical sense by the determination made in an action, he should, as a general

27  rule, be entitled to intervene.'"  *Sw. Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 822

ORDER ON MOTION FOR PRELIMINARY INJUNCTION — 6

1    (9th Cir. 2001).  As Plaintiff here is challenging a generally applicable criminal statute, the

2    Court's determination in this matter regarding the enforceability of SB 6251 will affect whether

3    or not Movant may be subject to criminal liability for displaying third-party content from

4    Backpage.com and other websites.  Movant satisfies this element of the test.

5        3.   Adequacy of Representation

6

7        Defendants' central contention on this motion is that Movant is adequately represented

8    by Backpage.com because its interests are consistent with those of the Plaintiff.  A presumption

9    of adequacy of representation arises when an applicant for intervention and an existing party

10   have the same ultimate objective.  *League of United Latin Am. Citizens*, 131 F.3d 1297, 1305

11   (9th Cir. 1997). "If the applicant's interest is identical to that of one of the present parties, a

12   compelling showing should be required to demonstrate inadequate representation."  *Arakaki v.*

13   *Cayetano*, 324 F.3d 1078, 1087 (9th Cir. 2003)(citing 7C Wright, Miller & Kane, § 1909, at

14   318–19).

15       However, if the interests of the applicant for intervention and the parties to the litigation

16   are not identical, the burden on the proposed intervenor in showing inadequate representation is

17   minimal. *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, (1972) (internal citation

18   omitted).   This burden is satisfied if it can demonstrate that representation of its interests "may

19   be" inadequate.  *Id.*  The Ninth Circuit considers three factors in determining the adequacy of

20   representation: "(1) whether the interest of a present party is such that it will undoubtedly make

21   all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to

22   make such arguments; and (3) whether a proposed intervenor would offer any necessary

23   elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086 (citing

24   *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir.1986)).

25       Here, although Movant's interests are similar to those of Backpage.com, they are not

26   identical.  Backpage.com is a for-profit company that provides its users a centrally located

27   place on the Internet to display paid and unpaid advertisements for local goods and services,

ORDER ON MOTION FOR PRELIMINARY INJUNCTION — 7

including adult services.  Backpage.com has a strong interest in continuing to provide these services without the risk of criminal liability.

The Internet Archive is one step removed.  It, like Backpage.com, is concerned with the potential of SB 6251 to criminalize the publication on the Internet of third-party content that it did not create.  However, the Internet Archive does not itself provide the mechanism for third parties to display or publish content online.  Rather, it aggregates content that is already on the Internet and preserves it for archival purposes.  Thus, the Internet Archive is particularly concerned with the elements of the statute that it contends impose liability on "indirect" disseminators of information, such as itself.  Backpage.com, which directly hosts third-party content, is less concerned with these elements of the statute.

Since the interests of Backpage.com and the Internet Archive are not identical, the Internet Archive must only show that its interests may not be protected by Backpage.com.  It has done so. Backpage.com has significantly more control over the content posted on its website than the Internet Archive has over the contents of its library.  Although Backpage.com argues that it would be practically impossible to do so, there is some amount of money and resources – perhaps an untenable amount – that would render it possible for Backpage.com to obtain and retain copies of the government-issued or school identification of all persons posting ads to its website.  In contrast, even if the Internet Archive had unlimited resources, it could not obtain and retain the identification of all of those persons whose images are displayed in connection with an "implicit offer for a commercial sex act to occur in Washington" on the websites that it indexes: as an indirect aggregator of material, it does not have any access to the people who are posting such content online.

Moreover, while Backpage.com has demonstrated that it is willing to make arguments about the effect that SB 6251 might have on other online service providers and the Internet as a whole, *see* Dkt. #2, it is a for-profit corporation and its individual interests are presumably narrower.  The Internet Archive, on the other hand, aggregates and displays content from every corner of the Internet.  It therefore has a paramount interest in advancing arguments regarding

ORDER ON MOTION FOR PRELIMINARY INJUNCTION — 8

1   the applicability of SB 6251 to myriad types of content on the Internet.  Backpage.com likely

2   would not make all of the arguments regarding the impact of SB6251 on the operation of the

3   Internet as a whole that the Internet Archive would be compelled to make.  Therefore, Movant

4   is not adequately represented by Backpage.com in this litigation and is entitled to intervention

5   as of right under Fed. R. Civ. P. 24(a)(2).

6

    4.   Permissive Intervention

7

8        Even if Movant were not entitled to intervention as of right, Movant is permitted to

9   intervene under Fed. R. Civ. P. 24(b)(1)(B).  "On timely motion, the court may permit anyone

10  to intervene who: has a claim or defense that shares with the main action a common question of

11  law or fact." Fed. R. Civ. P. 24(b)(1)(B).  Movant has independent grounds for jurisdiction, its

12  motion is timely, and, as explained above, Movant's claims have questions of law in common

13  with the main action filed by Plaintiff.  *See Nw. Forest Res. Council v. Glickman*, 82 F.3d 825,

14  839 (9th Cir. 1996) (articulating three-factor test for permissive intervention).

15

16                          **III. CONCLUSION**

17

18       The Court, having considered the Internet Archive's motion, Defendants' response

    thereto, and the reply, and the remainder of the record, hereby finds and Orders:

19
        (1) The Internet Archive's motion to intervene (Dkt. # 22) is hereby GRANTED.
20
        (2) The Clerk of the Court is directed to forward this Order to all counsel of record.
21

22
        SO ORDERED this 2 day of July, 2012.
23

24

25                                          _____
                                            RICARDO S. MARTINEZ
26                                          UNITED STATES DISTRICT JUDGE

27


ORDER ON MOTION FOR PRELIMINARY INJUNCTION — 9