The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BACKPAGE.COM, LLC, <br><br>              Plaintiff,<br><br>and<br><br>THE INTERNET ARCHIVE,<br><br>              Plaintiff-Intervenor,<br><br>    v.<br><br>ROB MCKENNA, Attorney General of the State of Washington; *et al.*<br><br>              Defendants, in their official capacities. | No. 2:12-cv-000954-RSM<br><br>**BACKPAGE.COM'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANT KITSAP COUNTY PROSECUTING ATTORNEY RUSSELL D. HAUGE** |

OPPOSITION TO MOTION TO DISMISS
(2:12-cv-00954-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................. 1

II.  FACTUAL SUMMARY ...................................................................................................... 2

III. ARGUMENT ........................................................................................................................ 3

IV.  CONCLUSION ..................................................................................................................... 5

OPPOSITION TO MOTION TO DISMISS
(2:12-cv-00954-RSM) - i

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Babbitt v. United Farm Workers Nat'l Union*,
    442 U.S. 289 (1979) ................................................................................................. 3, 5

*Ex parte Young*,
    209 U.S. 123 (1908) .................................................................................................. 4, 5

*Harris v. Cnty. of Orange*,
    2012 WL 2060666 (9th Cir. June 8, 2012) ................................................................... 3

*Holder v. Humanitarian Law Project*,
    130 S. Ct. 2705 (2010) .................................................................................................. 3

*L.A. Cnty. Bar Ass'n v. Eu*,
    979 F.2d 697 (9th Cir. 1992) ..................................................................................... 4, 5

*Planned Parenthood of Idaho, Inc. v. Wasden*,
    376 F.3d 908 (9th Cir. 2004) ........................................................................................ 4

*Virginia v. Am. Booksellers Ass'n*,
    484 U.S. 383 (1988) ..................................................................................................... 4

**FEDERAL STATUTES**

47 U.S.C. § 230 ................................................................................................................ 1, 2

**OTHER STATUTES**

RCW 36.27.020 ..................................................................................................................... 5

**RULES**

Fed. R. Civ. P. 12 .................................................................................................... 1, 3, 4, 5

**CONSTITUTIONAL PROVISIONS**

U.S. Const., Amend. XI ........................................................................................................ 4

U.S. Const., Amend. V ......................................................................................................... 2

U.S. Const., Amend. I ........................................................................................................... 5

U.S. Const., Amend. XIV ................................................................................................. 1, 2

OPPOSITION TO MOTION TO DISMISS
(2:12-cv-00954-RSM) - ii

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

I.    INTRODUCTION

In this lawsuit, Plaintiff Backpage.com, LLC ("Backpage.com") brings a pre-enforcement challenge to Washington Senate Bill 6251 ("SB 6251"), on the grounds that the law violates the First and Fourteenth Amendments and the Commerce Clause of the U.S. Constitution, as well as the federal Communications Decency Act ("CDA"), 47 U.S.C. § 230.  Defendant Russell D. Hauge, the Kitsap County prosecuting attorney, responded by moving to dismiss under Fed. R. Civ. P. 12(b)(6) (Dkt. No. 24) ("Mot."), because, he claims, Backpage.com's Complaint fails to "identify act [sic] committed under color of law by Prosecutor Hauge which caused a constitutional violation."  Mot. 3.  None of the other 38 Defendants[1] has joined Mr. Hague's Motion or filed a similar motion.

Mr. Hauge's Motion misunderstands the nature of a pre-enforcement challenge to the constitutionality of a state criminal statute.  Longstanding Supreme Court precedent makes clear that parties such as Backpage.com and its employees need not expose themselves to actual arrest or prosecution to challenge a statute that deters the exercise of First and Fourteenth Amendment rights.  Rather, assertion of a credible threat of prosecution under such a law is sufficient.  Backpage.com has adequately alleged a claim by asserting that it faces a credible threat of prosecution under SB 6251 if it takes effect. Backpage.com has also properly sued the prosecutors charged with enforcing state criminal laws and against whom declaratory and injunctive relief should be entered to prevent enforcement of an invalid law.  In short, whether Mr. Hague (or any of the other Defendants) has yet sought to prosecute Backpage.com or anyone else under SB 6251 is irrelevant to Backpage.com's right to challenge the law.

Mr. Hauge's Motion misses the point of this action, and it should be denied.

---

[1] Stevens County prosecuting attorney Tim Rasmussen sought to be dismissed from the case on the grounds that he does not wish to defend SB 6251 and that he and his office will not bring any prosecutions or seek to enforce the law against anyone. Based on these concessions, Backpage.com stipulated to dismiss Mr. Rasmussen, without prejudice (Dkt. No. 48), leaving the other 38 counties and Mr. McKenna as the remaining defendants.

OPPOSITION TO MOTION TO DISMISS
(2:12-cv-00954-RSM) - 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## II.     FACTUAL SUMMARY

Backpage.com filed this action challenging SB 6251 on June 4, 2012.  Complaint (Dkt. No. 1) ("Compl."). SB 6251 was scheduled to take effect on June 7, 2012.  The Complaint named as Defendants the Washington State Attorney General, Rob McKenna, and the state's 39 county prosecuting attorneys, including Mr. Hauge. Compl. ¶¶ 7-8.  The Complaint asserted claims against all Defendants in their official capacities, as the parties responsible for the enforcement of criminal laws of the State of Washington. *Id.* ¶¶ 8-9.  Backpage.com seeks declaratory and injunctive relief on the grounds that SB 6251 violates the First and Fourteenth Amendments and the Commerce Clause of the U.S. Constitution, and violates and is preempted by section 230 of the CDA.  Am. Compl. Pr. for Relief 1.[2]

Because SB 6251 had not yet taken effect, of course the Complaint did not allege that any of the prosecuting attorneys had initiated prosecutions against Backpage.com.  Rather, it alleged that Backpage.com "face[d] a threat of prosecution under SB 6251 if it is allowed to go in effect."  Compl. & Am. Compl. ¶ 25.  This is apparent because, during hearings on SB 6251, legislators made clear that the law was targeted at eliminating adult-oriented user-submitted ads on Backpage.com.  *Id.* ¶ 22.

The Complaint specifically identified and named Mr. Hauge as one of the Defendant county prosecuting attorneys "responsible for the enforcement of criminal laws of the State of Washington and for initiating proceedings for the arrest and prosecution of individuals suspected of felony crimes."  *Id.* ¶ 8.

Along with the original Complaint, on June 4, 2012, Backpage.com filed a Motion for Temporary Restraining Order and Preliminary Injunction.  Dkt. No. 2.  The Court granted the Temporary Restraining Order the next day.  Dkt. No. 7.  Thus, it remains true today that neither the county prosecuting attorneys nor the state attorney general's office

---

[2] The operative complaint is the Amended Complaint (Dkt. No. 28) ("Am. Compl."), filed by agreement with Defendants on June 27, 2012.  The Amended Complaint is identical to the original one, except that it substitutes references to the Fourteenth Amendment rather than the Fifth Amendment.

OPPOSITION TO MOTION TO DISMISS
(2:12-cv-00954-RSM) - 2

has brought a prosecution or otherwise sought to enforce SB 6251 against Backpage.com or any party.  Doing so would violate this Court's Order.

On June 15, 2012, Mr. Hauge filed the instant motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Dkt. No. 24.  Mr. Hauge argues that Backpage.com has failed to state a claim upon which relief can be granted because the Complaint "contains no allegations of material fact regarding . . . any action [Mr. Hauge] may have taken . . . [or] how Prosecutor Hague may have caused any [constitutional] violation," and "at no point . . . is Prosecutor Russell D. Hauge identified."  Mot. 2, 3.

### III.    ARGUMENT

The Court is familiar with the standards for a motion to dismiss under Rule 12(b)(6).  For present purposes, it is enough to say that the Court's role is to "inquire[] whether the complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'"  *Harris v. Cnty. of Orange*, 2012 WL 2060666, at *3 (9th Cir. June 8, 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Backpage.com's Complaint easily passes this test.

Mr. Hauge's argument—that the Complaint is deficient because it does not allege "any constitutional violation . . . that [he] may have caused"—represents a basic misunderstanding of pre-enforcement constitutional challenges to statutes.  Two principles from well-established Supreme Court precedent make the point.

First, the Supreme Court has long permitted pre-enforcement challenges to criminal statutes, particularly ones that would punish or chill speech.  "When contesting the constitutionality of a criminal statute, it is not necessary that the plaintiff first expose himself to actual arrest or prosecution to be entitled to challenge the statute that he claims deters the exercise of his constitutional rights."  *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (internal quotation marks and alterations omitted).  Instead, a plaintiff may bring suit to enjoin the statute's enforcement if he faces a "credible threat of prosecution."  *Holder v. Humanitarian Law Project*, 130 S. Ct. 2705, 2717 (2010)

OPPOSITION TO MOTION TO DISMISS
(2:12-cv-00954-RSM) - 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

(a party "should not be required to await and undergo a criminal prosecution as the sole means of seeking relief" (quoting *Babbit*, 442 U.S. at 298)).  A credible threat of prosecution exists when the challenged law "is aimed directly at plaintiffs, who, if their interpretation of the statute is correct, will have to take significant and costly compliance measures or risk criminal prosecution."  *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 392 (1988) (allowing booksellers to bring pre-enforcement challenge to law making it unlawful to knowingly display certain material).

Second, in a suit challenging the constitutionality of a state criminal law and seeking declaratory and injunctive relief, the proper defendants are the governmental officials, in their official capacities, who are charged with enforcing the challenged law.  *See L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992).  This is dictated by the doctrine of *Ex parte Young*, 209 U.S. 123, 157 (1908), i.e., that while the Eleventh Amendment bars suits against states absent their consent, it does not preclude suits for "prospective declaratory or injunctive relief against state officers in their official capacities" when "the state officer sued [has] some connection with the enforcement" of the challenged law, for instance, a statutorily prescribed duty to enforce it.  *L.A. Cnty. Bar Ass'n*, 979 F.2d at 704 (internal quotations and citation omitted); *see also Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004) (suit challenging state law imposing criminal penalties for abortions without parental consent was properly brought against county prosecutor because he was responsible for prosecuting crimes within his jurisdiction).

Mr. Hauge's Motion ignores these principles.  The Motion cites nothing other than generic authorities about the adequacy of pleadings under Rule 12(b)(6).  *See* Mot. 2-3.  Under the applicable law and constitutional principles, Backpage.com has alleged facts sufficient to bring a pre-enforcement challenge to SB 6251.

Backpage.com need not wait for Mr. Hauge or any other prosecuting attorney to bring felony charges against the company or its employees under SB 6251 to challenge the law.  This case is a pre-enforcement challenge to the statute as a whole.  Suits such as this,

OPPOSITION TO MOTION TO DISMISS
(2:12-cv-00954-RSM) - 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

particularly under the First Amendment, have long been recognized as permissible. Backpage.com has more than adequately alleged a credible threat of prosecution. SB 6251 was expressly aimed at Backpage.com and would impose on the company the impossible burden of having to review and censor vast amounts of third-party content, or require identification from millions of users, and/or risk felony criminal prosecution. *See* Compl. & Am. Compl. ¶¶ 22, 25, 26. In short, it is irrelevant that Mr. Hauge's office has not taken any action against Backpage.com under SB 6251 yet, because the company need not expose itself or its employees to arrest or prosecution before seeking an order enjoining enforcement of the law by Mr. Hauge or any other Defendant. *Babbitt*, 442 U.S. at 298.

Mr. Hauge also appears to argue he is an improper party because "at no point . . . is [he] identified" in the Complaint. Mot. 2:7-8. This is simply wrong. The Complaint does identify Mr. Hauge and his position as the Kitsap County prosecuting attorney, and it makes clear that he is being sued in his official capacity as one of 39 prosecuting attorneys responsible for the enforcement of Washington State criminal laws. Compl. & Am. Compl. ¶ 8. This is sufficient to state a claim under Rule 12(b)(6), and it is the proper procedure under *Ex parte Young* and its progeny. *See, e.g.*, *L.A. Cnty. Bar Ass'n*, 979 F.2d at 704; *see also* RCW 36.27.020 ("The prosecuting attorney shall . . . [p]rosecute all criminal and civil actions in which the state or the county may be a party"). Indeed, Mr. Hauge and the other county prosecutors are necessary parties in this action—they must be named for injunctive relief blocking enforcement of SB 6251 to be effective.

## IV.   CONCLUSION

Mr. Hauge improperly attempts to avoid this litigation by disregarding basic constitutional principles of pre-enforcement statutory challenges. He asserts no valid grounds for his dismissal and the Court should deny the Motion.

OPPOSITION TO MOTION TO DISMISS
(2:12-cv-00954-RSM) - 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 1201 Third Avenue Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   DATED this 16th day of July, 2012.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Backpage.com, LLC

By *s/ James C. Grant*
James C. Grant, WSBA # 15358
Ambika K. Doran, WSBA # 38237
Conner Peretti, APR # 9128656
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: 206-757-8096
Fax: 206-757-8096
E-mail: jamesgrant@dwt.com
E-mail: ambikadoran@dwt.com

*Of Counsel*:

Elizabeth L. McDougall, WSBA No. 27026
Village Voice Media Holdings, LLC
1008 Western Avenue, Suite 300
Seattle, WA 98104
Tel 206.467.4347
Fax 206.467.4389
Liz.McDougall@VillageVoiceMedia.com

OPPOSITION TO MOTION TO DISMISS
(2:12-cv-00954-RSM) - 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I certify under penalty of perjury that the foregoing is true and correct.  Executed at Seattle, Washington this 16th day of July, 2012.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Backpage.com, LLC

By    *s/ James C. Grant*
   James C. Grant, WSBA # 15358

OPPOSITION TO MOTION TO DISMISS
(2:12-cv-00954-RSM) - 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax