THE HONORABLE JUDGE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BACKPAGE.COM. LLC,

    Plaintiff,

-vs-

ROB MCKENNA, Attorney General of the State of Washington, et al.,

    Defendants.

NO. C12-00954-RSM

REPLY IN SUPPORT OF DEFENDANT KITSAP COUNTY PROSECUTING ATTORNEY RUSSELL D. HAUGE'S MOTION FOR DISMISSAL PURSUANT TO FED.R.CIV.P. 12(b)(6)

**NOTE ON MOTION CALENDAR: JULY 20, 2012**

## I. Summary

In his Fed.R.Civ.P. 12(b)(6) Motion for Dismissal for failure to state a claim upon which relief can be granted, Kitsap County Prosecuting Attorney Russell Hauge sought the limited remedy of dismissal of all 42 U.S.C. §1983 claims brought against him, based upon Plaintiff's failure to plead specific facts to establish that while acting under color of state law, Prosecutor Hauge deprived Plaintiff of a constitutional right.

///

REPLY IN SUPPORT OF KITSAP COUNTY PROSECUTING ATTORNEY RUSSELL D. HAUGE'S ... TO FED.R.CIV.P. 12(B)(6)  (C12-00954-RSM)-- 1

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

In response to this motion, Plaintiff provides no additional information or authority establishing any action by Prosecutor Hauge which could subject him to §1983 liability.  Instead, Plaintiff asserts that it has a right to challenge the constitutionality of a statute before its enforcement, and that in so doing, it properly named as parties those government officials who are charged with enforcing the challenged law.

Regardless of the validity of Plaintiff's assertions, they are not responsive to the motion that has been made.  By moving for 12(b)(6) dismissal of the §1983 claims filed against him, Mr. Hauge does not dispute the Plaintiff's right to challenge the constitutionality of a statue pre-enforcement, nor has he sought dismissal of Plaintiff's declaratory judgment action.  Indeed, Prosecutor Hauge's 12(b)(6) motion does not relate in any way to the question of whether a plaintiff may challenge a criminal statute pre-enforcement.

Mr. Hauge's motion for dismissal for failure to state a claim raises the limited issue of the adequacy of a Complaint setting forth a 42 U.S.C. §1983 claim against an individual.  His motion seeks the limited remedy of dismissal of the 42 U.S.C. §1983 actions filed against him.  To succeed in a §1983 claim against Mr. Hauge, Plaintiff must establish that while acting under the color of law, Prosecutor Hauge deprived the Plaintiff of a constitutional right.  Because Plaintiff's complaint fails to identify *any* action taken by Prosecutor Hauge, the elements of a §1983 action against an individual have not been established.  Accordingly, the §1983 claim against Prosecutor Hauge is deficient upon its face, and must be dismissed.

///

///

///

///

REPLY IN SUPPORT OF KITSAP COUNTY PROSECUTING ATTORNEY RUSSELL D. HAUGE'S
TO FED.R.CIV.P. 12(B)(6)  (C12-00954-RSM)-- 2

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

# I. Reply

## A. 42. U.S.C. §1938

Pursuant to 42.U.S.C. §1983:

> Every person who, under color of any statute …subjects, or causes to be subjected, any citizen of the United States …to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress…

Accordingly, to succeed in a 42 U.S.C. §1983 action against an individual, a plaintiff must establish that the individual defendant, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the constitution or laws of the United States.[1]

Backpage.com's First Amended Complaint sets forth three causes of action under 42 U.S.C. §1983 against Prosecutor Hauge[2]:

1) Violation of the Communications Decency Act;
2) Violation of the First and Fourteenth Amendments of the Constitution; and
3) Violation of the Commerce Clause of the Constitution.[3]

Yet, in support of these §1983 claims, Plaintiff has identified *no* action by Mr. Hauge that caused any one of these alleged deprivations of statutory or constitutional rights. Because a successful §1983 claim against an individual must establish both that a defendant was acting under color of law ***and*** that the defendant caused such a deprivation, Defendant Hauge moves for dismissal of these §1983 claims brought against him, as the Complaint is deficient in both regards.

---

[1] *Kildare v. Saenz*, 325 F.3d 1078, 1086 (9th Cir. 2003).

[2] No defendant is specifically named, so it must be presumed that all claims are made against all defendants. Of note, the Plaintiff's Fourth Cause of action for Declaratory Relief Pursuant to 28 U.S.C. §2201 does not include a §1983 claim, and is not made part of this motion for dismissal (s*ee,* First Amended Complaint to Declare Invalid and Enjoin Enforcement of Washington Senate Bill 6251 for Violation of the Communications Decency Act, and the First and Fourteenth Amendments and Commerce Clause of the United States Constitution (hereinafter "Amended Complaint") at p. 10, lines 9-41)

[3] *See,* Amended Complaint, at p. 8, line 23 – p. 10. line 38.

REPLY IN SUPPORT OF KITSAP COUNTY PROSECUTING ATTORNEY RUSSELL D. HAUGE'S TO FED.R.CIV.P. 12(B)(6)  (C12-00954-RSM)-- 3

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

In response to Defendant Hauge's motion, Plaintiff has provided no additional factual allegations, and offered no authority for the proposition that an individual defendant may suffer the consequences of §1983 liability without having taken any action whatsoever. Instead, Plaintiff's response focused upon its right to challenge the constitutionality of a criminal statue before its enforcement. Indeed, the entirety of Plaintiffs' response addresses only the right of a party to challenge a criminal statute pre-enforcement and which parties should be named in such an action. Because this right and the identification of the parties are not challenged by Prosecutor Hauge's motion, Plaintiffs' response is misdirected.

What Plaintiff has failed to address is why or how an individual who has taken no action whatsoever can be liable to another for the violation of his/her constitutional rights. Plaintiff cites no authority for the proposition that because it has the ability to challenge a criminal statue, Prosecutor Russell Hauge, who is alleged to have done nothing, is liable to them under 42 U.S.C. §1983, and should pay for the cost of their challenge. Indeed, were that proposition true, Prosecutors across the state should be nervous as at the close of every legislative session they wait in anticipation to see what new laws may be challenged and learn of financial exposure they may be subjected to because of the actions of the legislature; a situation which, of course, would be ludicrous.

Plaintiff's assertion that it has a right to challenge a statute does not alter the well established elements of a claim against an individual under 42 U.S.C. §1983. Nor should Prosecutor Hauge be denied the right to know and defend against the claims made against him, just because the Plaintiff has a right to challenge a statue. Any defendant, including Prosecutor Hauge, is entitled to "fair notice of what the plaintiff's claim is and the grounds upon which it rest."[4] Mr. Hauge has not been given that notice. As it stands now, the Complaint simply informs Mr. Hauge that he is a defendant, that the

---

[4] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

REPLY IN SUPPORT OF KITSAP COUNTY PROSECUTING ATTORNEY RUSSELL D. HAUGE'S TO FED.R.CIV.P. 12(B)(6)  (C12-00954-RSM)-- 4

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

Plaintiff believes new legislation is faulty, and that as a result of this new legislation, Mr. Hauge is liable to plaintiff, pursuant to §1983 for its costs, fees and any other remedy the Court deems fit.

How can any individual defend himself against legal claims if he is not apprised of what it is he has done that give rise to the claims?[5] More significantly, how can any individual be liable to another if he has done nothing?

Fortunately, the law protects against either of these scenarios. Our courts have affirmatively established that a defendant is entitled to fair notice of the plaintiff's claim and the grounds upon which it rests.[6] Further, to prevail in a §1983 action it has been ruled that a plaintiff must establish that an individual defendant was acting under color of state law and that ***the defendant*** deprived him of a constitutional right.[7] And finally, our courts have declared that a §1983 Complaint that fails to "plead specific facts and allege a cognizable constitutional violation" should be dismissed for failure to state a claim.[8]

Thus, whether or not the Plaintiff has a right to raise a pre-enforcement challenge to a criminal statute, Prosecutor Russell Hauge, a named individual defendant, has a right to notice of the claims against him: to wit, what rights, privileges, or immunities it is alleged he has deprived Plaintiff of and what injury he has caused. Accordingly, a Complaint waging a §1983 claim against him which fails to plead specific facts and fails to allege a cognizable constitutional violation caused by the defendant must be dismissed for failure to state a claim upon which relief can be granted.

---

[5] In the present case, because of the Plaintiff's failure to adequately state a claim, not only is Mr. Hauge unable to prepare a factual defense, he unable to ascertain what affirmative defenses he may appropriately raise. Significantly, "[a] state prosecuting attorney enjoys absolute immunity from liability under §1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir 2009), *quoting, Imblar v. Pachtman*, 424 U.S. 409, 410, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Yet, because he has been accused of ***no*** action, it is impossible to ascertain if such a defense is available to him.
[6] *Lee v. City of Los Angeles,* 250 F.3d at 679.
[7] *Kildare v. Saenz*, 325 F.3d 1078, 1086 (9th Cir. 2003) (emphasis added).
[8] *Mills v. Criminal District Court*, 837 F.2d 677, 678 (5th Cir. 1988).

REPLY IN SUPPORT OF KITSAP COUNTY PROSECUTING ATTORNEY RUSSELL D. HAUGE'S
TO FED.R.CIV.P. 12(B)(6)  (C12-00954-RSM)-- 5

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

### III. Conclusion

Based upon the foregoing, Defendant Kitsap County Prosecuting Attorney Russell D. Hauge respectfully requests that any and all 42 U.S.C.§1983 claims and/or requests for fees and costs against him be dismissed with prejudice, as Plaintiff has failed to state a claim upon which relief can be granted.

Respectfully submitted this 20th day of July, 2012.

RUSSELL D. HAUGE
Kitsap County Prosecuting Attorney

By:   */s/ Ione S. George*
IONE S. GEORGE
WSBA No. 18236
Chief Deputy Prosecuting Attorney
Attorney for Defendant Russell D. Hauge,
Kitsap County Prosecuting Attorney

REPLY IN SUPPORT OF KITSAP COUNTY PROSECUTING ATTORNEY RUSSELL D. HAUGE'S
TO FED.R.CIV.P. 12(B)(6) (C12-00954-RSM)-- 6

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

# CERTIFICATE OF SERVICE

I certify that on July 20, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Ambika K. Doran<br>DAVIS WRIGHT TREMAIN (SEA)<br>1201 Third Ave. Ste. 2200<br>Seattle, WA 98101-3045<br>206.757.8030<br>ambikadoran@dwt.com | James C. Grant<br>DAVIS WRIGHT TREMAIN (SEA)<br>1201 Third Ave. Ste. 2200<br>Seattle, WA 98101-3045<br>206.757.8096<br>jamesgrant@dwt.com |
| David J. Eldred<br>DANIEL T. SATTERBERG<br>King County Prosecuting Attorney<br>Civil Division, Litigation Section<br>900 King County Administration Building<br>500 Fourth Avenue<br>Seattle, WA 98104<br>david.eldred@kingcounty.gov | Venkat Balasubramani, WSBA #28269<br>FOCAL PLLC<br>800 Fifth Ave., Ste. 4100<br>Seattle, WA 98104<br>Tel: (206) 529-4827<br>Fax: (206) 260-3966<br>venkat@focallaw.com |
| Matthew Zimmerman (*pro hac vice* pending)<br>ELECTRONIC FRONTIER FOUNDATION<br>454 Shotwell Street<br>San Francisco, CA 94110<br>Tel: (415) 436-9333<br>Fax: (415) 436-9993<br>mattz@eff.org | |

EXECUTED this 20th day of July, 2012 at Port Orchard, Washington.

*Carrie Bruce*
_____
CARRIE BRUCE, Paralegal
Kitsap County Prosecutor's Office
614 Division Street, MS 35-A
Port Orchard, WA  98366
360-337-4992
cbruce@co.kitsap.wa.us

REPLY IN SUPPORT OF KITSAP COUNTY PROSECUTING ATTORNEY RUSSELL D. HAUGE'S
TO FED.R.CIV.P. 12(B)(6)  (C12-00954-RSM)-- 7

**RUSSELL D. HAUGE**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros