HON. RICARDO S. MARTINEZ

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

BACKPAGE.COM, LLC,

      Plaintiff,

and

INTERNET ARCHIVE,

      Plaintiff-Intervenor,

      v.

ROB MCKENNA, Attorney General of the
State of Washington, et al.,

      Defendants, in their official capacities.

Case No.: 2:12-cv-00954-RSM

**THE INTERNET ARCHIVE'S
OPPOSITION TO MOTION TO
DISMISS OF DEFENDANT KITSAP
COUNTY PROSECUTING ATTORNEY
RUSSELL D. HAUGE**

## I.    INTRODUCTION

The Internet Archive ("the Archive") is seeking to enjoin enforcement of Washington

Senate Bill 6251 ("SB 6251") on the grounds that it violates Section 230 of the Communications

Decency Act of 1996 (47 U.S.C. § 230), the First and Fourteenth Amendments of the United

States Constitution, and the U.S. Constitution's Commerce Clause.  The Archive's suit names, in

their official capacities, the Attorney General of the State of Washington and each of the state's

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.529.4827

39 county prosecuting attorneys. (Dkt. No. 36) ("Archive Compl."). Defendant Russell D. Hauge, Kitsap County's prosecuting attorney, has moved that any claims against him be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 37) ("Mot."). Mr. Hauge argues that the Archive's Complaint does not "identify [an] act committed under color of law by Mr. Hauge which caused a constitutional violation." *Id.* at 3.

This Court should deny Mr. Hauge's Motion. The Archive brought a pre-enforcement challenge to the statute and therefore need not argue that Mr. Hauge or any other law enforcement official has acted inappropriately. This Court granted the Archive's motion to intervene because "there is no more direct, specific and non-representative interest a [prospective] intervenor could have than exposure to criminal liability." (Dkt. No. 33 at 6) ("Order Granting Mot. Intervene") (internal quotation marks/citation omitted). As the Archive subsequently detailed in its Complaint, SB 6251 could expose the Archive to criminal liability. The Archive has alleged sufficient facts to state a claim and to show that this Court should permanently enjoin enforcement of SB 6251. Mr. Hauge was properly named as a Defendant because, in his official capacity as county prosecutor, he would be responsible for enforcing SB 6251—a law that is both unconstitutional and pre-empted by federal law.

## II. FACTUAL SUMMARY

The Internet Archive was founded in 1996 to build an Internet Library. Archive Compl. ¶ 13. The Archive, a 501(c)(3) non-profit, collects books, audio, video, webpages and other content, and makes it available online to the public free of charge. *Id.* ¶¶ 13-14. Part of the Archive's mission is to create a representative and historically accurate record of the Internet. In pursuit of this goal, the Archive regularly gathers "snapshots" of Internet content, and currently maintains more than 150 billion webpages dating from 1996 to nearly the present. *Id.* ¶ 16.

SB 6251 criminalizes the dissemination of any third-party content that depicts a minor and contains an "implicit offer" of sex for "something of value." Archive Compl. ¶ 26; *see also* Wash. Rev. Code Ann. § 9.68A.004 Sec. 2(1)(a)-(b) (West 2012) ("SB 6251"). Online service

focal PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.529.4827

1   providers cannot defend themselves by demonstrating that they did not know, or had no reason to

2   know, the age of a minor depicted in an advertisement. Archive Compl. ¶ 26; *see also* SB 6251

3   Sec. 2(2).

4         Backpage.com filed suit on June 4, 2012, seeking to declaratory and injunctive relief.

5   (Dkt. No. 1).  On June 5, the Court ruled that "Backpage.com [had] shown a likelihood of

6   success on the merits of its claim" and entered a Temporary Restraining Order preventing the

7   Defendants "from taking any actions to enforce SB 6251 or pursue prosecution under the law in

8   any way."  (Dkt. No. 7 at 3).  The Internet Archive moved to intervene on June 14 (Dkt. No. 22),

9   and the Court granted the Archive' motion on July 2.  Order Granting Mot. Intervene at 9.

10        The Archive's complaint named Washington State Attorney General Rob McKenna and

11   Washington State county prosecutors "in their official capacities as representatives of the State

12   of Washington and their respective counties."  Archive Compl. ¶ 9.  It noted that the county

13   prosecutors, including Mr. Hauge, "are responsible for the enforcement of criminal laws of the

14   State of Washington and for initiating proceedings for the arrest and prosecution of individuals

15   suspected of felony crimes . . . in which their respective counties are parties."  *Id.* at ¶ 8.

16        This Court barred enforcement of SB 6251 before it could take effect, and before the

17   Archive filed its Motion to Intervene, and therefore the Archive does not allege that any of the

18   Defendants have initiated investigations or prosecutions against it.  Rather, the Archive has "a

19   reasonable apprehension of prosecution under SB 6251" should the law take effect.  Archive

20   Compl. ¶¶ 16, 26.  As the Court noted in granting the Archive's Motion to Intervene, "even if the

21   Internet Archive had unlimited resources, it could not obtain and retain the identification of all

22   those persons whose images are displayed in connection with an 'implicit offer for a commercial

23   sex act to occur in Washington' on the websites that it indexes."  Order Granting Mot. Intervene

24   at 8.

25        On July 5 Mr. Hauge moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss

26   the Archive's claims against him on the grounds that the Archive "has failed to identify an act

INTERNET ARCHIVE'S OPPOSITION
TO MOTION TO DISMISS - 3
Case No.: 2:12-cv-00954-RSM

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.529.4827

1   committed under the color of law by Mr. Hauge which caused a constitutional violation or

2   deprived it of a right secured by law." Mot. at. 3.

3                                    **III.   ARGUMENT**

4          The Archive is entitled to relief because SB 6251 violates both federal law and the U.S.

5   Constitution. Under Supreme Court precedent, the Archive is entitled to challenge such a law

6   *before* it takes effect and criminalizes constitutionally-protected activities. *See Babbitt v. United*

7   *Farm Workers National Union*, 442 U.S. 289 (1979).

8          Mr. Hauge's motion to dismiss should be denied because (1) SB 6251 violates both

9   federal law and the U.S. Constitution; (2) the Archive is entitled to challenge such a law *before* it

10  takes effect and criminalizes constitutionally-protected activities; and (3) Mr. Hauge, who is

11  required by Washington's Constitution to enforce its laws, is properly named as a Defendant in

12  his official capacity as county prosecutor.

13         The Archive's Complaint "contain[s] sufficient factual matter, accepted as true, to state a

14  claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As

15  alleged in the Complaint, the Archive automatically collects and displays massive numbers of

16  webpages. Archive Compl. ¶ 16. SB 6251 could subject the Archive to criminal liability for

17  collecting and displaying certain content from sites like Backpage.com in the event that they

18  were made aware of it. *Id.* at ¶¶ 22 and 26. Thus, as the Court noted in granting the Archive's

19  Motion to Intervene, the Archive "is particularly concerned with the elements of the statute that

20  it contends impose liability on 'indirect' disseminators of information, such as itself." Order

21  Granting Mot. Intervene at 8. Taken as true, these facts state a plausible claim to relief.

22         Mr. Hauge points out that the Archive's Complaint does not describe "any action he may

23  have taken," Mot. at 3, but this does not address the substance of the Archive's Complaint and

24  the relief it seeks. The Archive is entitled to challenge SB 6251 *before* it becomes law, and

25  before any Washington official is tasked with taking any action to enforce it. The Supreme

26  Court has held that "[w]hen contesting the constitutionality of a criminal statute, 'it is not

INTERNET ARCHIVE'S OPPOSITION
TO MOTION TO DISMISS - 4
Case No.: 2:12-cv-00954-RSM

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.529.4827

1   necessary that [the plaintiff] first expose himself to actual arrest or prosecution to be entitled to

2   challenge [the] statute that he claims deters the exercise of his constitutional rights.'" *Babbitt v.*

3   *United Farm Workers National Union*, 442 U.S. 289, 298 (1979) (quoting *Steffel v. Thompson*,

4   415 U.S. 452, 459 (1974)).   It is sufficient that the Archive intends to take actions that are

5   protected by the Constitution but would be improperly criminalized by the statute.   "When the

6   plaintiff has alleged an intention to engage in a course of conduct arguably affected with a

7   constitutional interest, but proscribed by a statute, and there exists a credible threat of

8   prosecution thereunder, he 'should not be required to await and undergo a criminal prosecution

9   as the sole means of seeking relief.'" *Babbitt*, 415 U.S. at 298 (quoting *Doe v. Bolton*, 410 U.S.

10   179, 188 (1973)).

11        The Archive's Complaint meets this standard precisely, and therefore Mr. Hauge's

12   Motion to Dismiss must be denied.   The Archive has a First Amendment right, explicitly

13   protected by federal law, to continue its work of archiving web pages and making them available

14   to the public.   Under a reasonable interpretation of SB 6251, this conduct would expose the

15   Archive to criminal liability in Washington.

16        Finally, Mr. Hauge and the other prosecuting attorneys were properly named as

17   Defendants in their official capacities.   The Ninth Circuit has used a two-part test for determining

18   whether state officials are properly named as Defendants when a state law is challenged.   First,

19   there must be the "requisite causal connection between their responsibilities and any injury that

20   the plaintiffs *might* suffer."  *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919

21   (9th Cir. 2004) (emphasis added).   Second, the court's jurisdiction over the defendants must be

22   "proper under the doctrine of *Ex parte Young*, 209 U.S. 123, 157 (1908), which requires 'some

23   connection' between a named state officer and enforcement of a challenged law."  *Id.* (internal

24   parallel citations omitted).

25        In *Wasden*, the Ninth Circuit affirmed that Idaho's attorney general was properly named

26   as a defendant because he had the authority to "exercise the same power to enforce the statute the

INTERNET ARCHIVE'S OPPOSITION
TO MOTION TO DISMISS - 5
Case No.: 2:12-cv-00954-RSM

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98101
206.529.4827

1   [county] prosecutor would have.  That power demonstrates the requisite causal connection for

2   standing purposes." *Id.* at 920.  Using the same logic, the court further held that both the state

3   attorney general and a county prosecutor were "properly named under *Ex parte Young* with

4   regard to the exposure to the risk of prosecution." *Id.*

5          Under this standard, Mr. Hauge and his fellow county prosecuting attorneys are properly

6   named as defendants.  They are tasked by Washington's constitution with "[i]nstitut[ing] and

7   prosecut[ing] proceedings before magistrates for the arrest of persons charged with or reasonably

8   suspected of felonies when the prosecuting attorney has information that any such offense has

9   been committed."  Wash. Rev. Code Ann. § 36.27.020 (West 2012).  This is precisely the

10  authority wielded by Idaho prosecutors that, as the Ninth Circuit ruled, made it proper to name

11  them as defendants.  *See Wasden*, 376 F.3d at 920.  Mr. Hauge would be responsible for

12  enforcing SB 6251, and his enforcement of SB 6251 may cause him to injure the Internet

13  Archive by prosecuting it or its employees under the statute.  There is also a connection between

14  Mr. Hauge and the enforcement of the challenged law — he is tasked by the State of Washington

15  with investigating and prosecuting felonies whenever he "has information that any such offense

16  has been committed." § 36.27.020.  Thus, under *Wasden*, Mr. Hauge is properly named as a

17  Defendant in his official capacity as a county prosecutor.

18                          **IV.   CONCLUSION**

19         As the Archive detailed in its Complaint, enforcement of SB 6251 would violate the

20  Archive's rights under federal law and the United States Constitution.  Mr. Hauge, as a county

21  prosecuting attorney, is one of the state officials who would be tasked with enforcing SB 6251 if

22  it were to become law.  Accordingly, the Archive has stated a claim upon which relief can be

23  granted, and properly named the Movant as a Defendant.  The Court should deny Mr. Hauge's

24  Motion to Dismiss.

25  Dated: July 23, 2012                              Respectfully submitted,

26

INTERNET ARCHIVE'S OPPOSITION
TO MOTION TO DISMISS - 6
Case No.: 2:12-cv-00954-RSM

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.529.4827

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

By:    <u>/s Venkat Balasubramani</u>
        Venkat Balasubramani, WSBA #28269
        FOCAL PLLC
        800 Fifth Avenue, Suite 4100
        Seattle, WA 98104
        Tel: (206) 718-4250
        Fax: (206) 260-3966
        venkat@focallaw.com

        Matthew Zimmerman (*pro hac vice*)
        ELECTRONIC FRONTIER FOUNDATION
        454 Shotwell Street
        San Francisco, CA 94110
        Tel:  (415) 436-9333
        Fax: (415) 436-9993
        mattz@eff.org

        *Attorneys for Plaintiff-Intervenor*
        *the Internet Archive*

INTERNET ARCHIVE'S OPPOSITION
TO MOTION TO DISMISS - 7
Case No.: 2:12-cv-00954-RSM

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on July 23, 2012, I electronically filed the foregoing document with

3   the Clerk of the Court using the CM/ECF system which will send notification of such filing to all

4   counsel of record.

5   Dated: July 23, 2012

6                                                    s/ Venkat Balasubramani
                                                     Venkat Balasubramani, WSBA #28269
7                                                    FOCAL PLLC
                                                     800 Fifth Ave., Ste. 4100
8                                                    Seattle, WA 98104
                                                     Tel: (206) 529-4827
9                                                    Fax: (206) 260-3966
                                                     venkat@focallaw.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

INTERNET ARCHIVE'S OPPOSITION
TO MOTION TO DISMISS
Case No.: 2:12-cv-00954-RSM

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.529.4827