UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BACKPAGE.COM, LLC et al., | CASE NO. C12-954 RSM |
| Plaintiffs, | ORDER GRANTING DEFENDANT HAUGE'S MOTIONS TO DISMISS |
| v. | |
| ROB MCKENNA, Attorney General for Washington State et al., | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court upon Defendant Russell D. Hauge's Motions to Dismiss (Dkt. ## 24, 37).   For the reasons set forth below, Defendant's motions are GRANTED.

## II. BACKGROUND

Plaintiffs challenged the constitutionality of Senate Bill 6251 prior to its scheduled enforcement date (Dkt. #1).  The Complaint named as Defendants Washington State Attorney General Rob McKenna and 39 of the state's prosecuting attorneys.  On July 27, 2012, the Court granted the Motion for Preliminary Injunction to enjoin enforcement of SB 6251 (Dkt. #69).

1        Senate Bill 6251 makes it a felony to knowingly publish, disseminate, or display, or to

2  "directly or indirectly" cause content to be published, disseminated or displayed if it contains a

3  "depiction of a minor" and any "explicit or implicit offer" of sex for "something of value."

4  Under the proposed law it is not a defense that the defendant did not know the age of the person

5  depicted and the defendant may not rely on representation by, or the apparent age of, the person

6  depicted.  Though scheduled to go into effect on June 7, 2012, the Court ordered a temporary

7  restraining order on June 5, 2012, which remained in effect until the Court issued its order

8  granting a preliminary injunction. SB 6251 has never been enforced against Plaintiffs.

9        Plaintiffs First Amended Complaint sets forth three causes of action under 42 U.S.C. §

10  1983: (1) Violation of Communications Decency Act; (2) Violation of the First and Fourteenth

11  Amendments of the Constitution; and (3) Violation of the Commerce Clause of the Constitution

12  (Dkt. #28, ¶ 1).  Defendant Kitsap County Prosecuting Attorney Russell D. Hauge moved for

13  dismissal of the 42 U.S.C. § 1983 claims against him pursuant to Fed. R. Civ. P. 12(b)(6).

14  Defendant Hauge challenges only the § 1983 claims against him; he does not dispute Plaintiffs'

15  right to challenge, pre-enforcement,  the constitutionality of SB 6251, nor does he seek dismissal

16  of Plaintiffs' declaratory judgment action.

17                                **III. DISCUSSION**

18  **A.  Standard of Review**

19        In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the

20  plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face."

21  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

22  U.S. 544, 570 (2007)).  A claim is facially plausible if the plaintiff has pled "factual content that

23  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

24

1   alleged." *Id.* (citing *Twombly*, 550 U.S. 556).  In making this assessment, the Court accepts all

2   facts alleged in the complaint as true, and makes all inferences in the light most favorable to the

3   non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009)

4   (internal citations omitted).  The Court is not, however, bound to accept the plaintiff's legal

5   conclusions. *Iqbal*, 129 S. Ct. at 1949-50.  While detailed factual allegations are not necessary,

6   the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the

7   elements of a cause of action." *Twombly*, 550 U.S. at 555.

8   **B.  42 U.S.C. § 1983**

9        "Section 1983 provides a tort remedy against '[e]very person who, under color of [state

10  law] subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of

11  any rights, privileges, or immunities secured by the Constitution and laws.'" *Lacey v. Maricopa*

12  *Cnty.*, 2012 WL 3711591 *6 (9th Cir. August 29, 2012) (quoting 42 U.S.C. §1983). Therefore,

13  to state a viable claim under § 1983, a plaintiff must allege the violation of a right secured by the

14  Constitution or laws of the United States, and show that the violation was committed by a person

15  acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

16       The Court granted a temporary restraining order, followed by a preliminary injunction to

17  enjoin any application of SB 6251 prior to the date on which the bill was to be enforced.  As the

18  bill has never been enforced, Plaintiffs cannot, as of yet, have suffered any violation of a

19  constitutionally protected right.  Plaintiffs may endure a violation of some protected right if SB

20  6251 is enforced against them at some future date.  But Plaintiffs fail to direct the Court to any

21  precedent that stands for the proposition that a § 1983 claim is viable in the absence of an actual

22  violation of a protected right.  Plaintiffs allege no facts from which the Court can conclude that

23  Defendant Hauge prosecuted Plaintiffs under the SB 6251 or that he caused a deprivation of a

24

1   protected right while acting under color of state law. Accordingly, Plaintiffs' § 1983 claims

2   against Defendant Hauge must be dismissed.

3                                    **IV. CONCLUSION**

4           Having reviewed the relevant motions, responses, and replies thereto, and the remainder

5   of the record, the Court hereby finds and ORDERS:

6       (1)  Defendant's Motions to Dismiss (Dkt. ## 24, 37) are GRANTED, as set out above.

7       (2)  The Clerk is directed to forward a copy of this Order to plaintiffs and to all counsel

8            of record.

9

10          Dated September 18, 2012.

11

12

13

14

                                        RICARDO S. MARTINEZ
15                                      UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANT HAUGE'S MOTIONS TO DISMISS - 4