The Honorable Ricardo S. Martinez

1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8 AT SEATTLE

9 BACKPAGE.COM, LLC,                                 )
                                                    )    No.  2:12-cv-000954-RSM
10                          Plaintiff,               )
                                                    )    **PLAINTIFFS' MOTION**
11 and                                              )    **FOR CLARIFICATION OR**
                                                    )    **RECONSIDERATION OF**
12 THE INTERNET ARCHIVE,                            )    **ORDER GRANTING**
                                                    )    **DEFENDANT HAUGE'S**
13                          Plaintiff-Intervenor,   )    **MOTIONS TO DISMISS**
                                                    )
14                                                  )
                                                    )
15         v.                                       )    **NOTE ON MOTION CALENDAR:**
                                                    )    **October 2, 2012**
16 ROB MCKENNA, Attorney General of the             )
State of Washington; *et al.*                        )
17                                                  )
                                                    )
18                          Defendants, in their    )
                           official capacities.     )
19 _____ )

20

21

22

23

24

25

26

27

MOTION FOR CLARIFICATION
(Case No. 2:12-cv-00954-RSM)

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND ................................................................................................. 1

III.    ARGUMENT ...................................................................................................... 4

        A.      Section 1983 Provides the Proper Method to Seek Pre-Enforcement
                Relief Against an Unconstitutional State Statute. .................................. 4

        B.      Mr. Hauge's Reply Brief Conceded Plaintiffs' Injunctive and
                Declaratory Relief Claims Are Proper, Leaving No Basis for His Motion. ......... 6

        C.      Section 1983 Claims Are Viable in the Presence of Threatened Harm,
                Even if an Actual Violation Has Not Yet Occurred. ............................. 7

IV.     CONCLUSION ................................................................................................... 9

MOTION FOR CLARIFICATION OR RECONSIDERATION
(2:12-cv-00954-RSM) - i

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Amazon.com LLC v. Lay*,
    758 F. Supp. 2d 1154 (W.D. Wash. 2010) ................................................................6

*Anderson v. Warner*,
    451 F.3d 1063 (9th Cir. 2006) ................................................................................4

*Babbitt v. United Farm Workers Nat'l Union*,
    442 U.S. 289 (1979) ..........................................................................................5, 8

*Backpage.com, LLC v. McKenna*,
    2012 WL 3064543 (W.D. Wash. July 27, 2012) ....................................................3, 6

*City of Monterey v. Del Monte Dunes at Monterey, Ltd.*,
    526 U.S. 687 (1999) ..............................................................................................5

*Doe v. Bolton*,
    410 U.S. 179 (1973) ..............................................................................................8

*Ex parte Young*,
    209 U.S. 123 (1908) ............................................................................................2, 7

*GPIII, Inc. v. Hyrum City*,
    2005 WL 3334978 (D. Utah Dec. 7, 2005) ..............................................................8

*Holder v. Humanitarian Law Project*,
    130 S. Ct. 2705 (2010) ..........................................................................................8

*Indomenico v. Brewster*,
    848 F. Supp. 1136 (S.D.N.Y. 1994) ........................................................................8

*LSO, Ltd. v. Stroh*,
    205 F.3d 1146 (9th Cir. 2000) ................................................................................6

*McDade v. West*,
    223 F.3d 1135 (9th Cir. 2000) ................................................................................4

*McKown v. Simon Property Group, Inc.*,
    2011 WL 1085891 (W.D. Wash. Mar. 22, 2011) ......................................................9

*Midmountain Contractors Inc.v. Am. Safety Indem. Co.*,
    2012 WL 3864901 (W.D. Wash. Sept. 5, 2012) ........................................................6

MOTION FOR CLARIFICATION OR RECONSIDERATION
(2:12-cv-00954-RSM) - ii

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Mitchum v. Foster,*
    407 U.S. 225 (1972) ................................................................................5

*Mobil Oil Corp. v. City of Long Beach,*
    772 F.2d 534 (9th Cir. 1985) ...............................................................7

*Monell v. Dep't of Social Servs. of the City of N.Y.,*
    436 U.S. 658 (1978) ...........................................................................4, 5

*Planned Parenthood of Idaho, Inc. v. Wasden,*
    376 F.3d 908 (9th Cir. 2004) ............................................................2, 7

*Powell's Books, Inc. v. Kroger,*
    622 F.3d 1202 (9th Cir. 2010) ..........................................................6, 7

*Republican Party of Guam v. Gutierrez,*
    277 F.3d 1086 (9th Cir. 2002) ..............................................................7

*Steffel v. Thomspons,*
    415 U.S. 452 (1974) ...............................................................................8

*Urrutia v. BNSF Railway Co.,*
    2010 WL 4941446 (W.D. Wash. Nov. 30, 2010) .................................9

*Virginia v. Am. Booksellers Ass'n,*
    484 U.S. 383 (1988) ...........................................................................6, 8

*West v. Atkins,*
    487 U.S. 42 (1988) ................................................................................5

*Wong v. Bush,*
    542 F.3d 732 (9th Cir. 2008) ...............................................................5

**FEDERAL STATUTES**

42 U.S.C. § 1983 ........................................................................................2

42 U.S.C. § 1988 ........................................................................................7

47 U.S.C. § 230 ..........................................................................................1

28 U.S.C. § 2201 ........................................................................................7

**OTHER STATUTES**

RCW 36.27.020 .........................................................................................7

MOTION FOR CLARIFICATION OR RECONSIDERATION
(2:12-cv-00954-RSM) - iii

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**RULES**

Local Civil Rule 7 ........................................................................................................6, 9

Fed. R. Civ. P. 12 .........................................................................................................2, 8

Fed. R. Civ. P. 65 ...........................................................................................................8

**CONSTITUTIONAL PROVISIONS**

U.S. Const., Amend. I .....................................................................................................8

MOTION FOR CLARIFICATION OR RECONSIDERATION
(2:12-cv-00954-RSM) - iv

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## I.     INTRODUCTION

In this pre-enforcement challenge to Washington Senate Bill 6251 ("SB 6251"), the Court has already held that Plaintiffs Backpage.com, LLC and Internet Archive have standing to pursue claims for declaratory and injunctive relief and entered a preliminary injunction, concluding that Plaintiffs are likely to succeed on the merits of all their claims. During these proceedings, Defendant Russell D. Hauge, the Kitsap County prosecuting attorney, filed two motions seeking dismissal of all section 1983 claims against him, which Plaintiffs opposed.  Mr. Hauge stated in his reply briefs that "he does not dispute Plaintiffs' right to challenge, pre-enforcement, the constitutionality of SB 6251, nor does he seek dismissal of Plaintiffs' declaratory judgment action."  The Court, while acknowledging these concessions, nonetheless granted the motions, dismissing Plaintiffs' section 1983 claims against Defendant Hauge.  Order, at 2, 4 (Dkt. #72).

Plaintiffs seek clarification (or reconsideration, if necessary) of the Court's order. Section 1983 is the appropriate vehicle for seeking injunctive and declaratory relief to challenge an unconstitutional law before it is enforced, as the Court's preliminary injunction order reflects, and Mr. Hauge did not contest this point.  The Declaratory Judgment Act provides a remedy, but no independent right of action.  Plaintiffs' section 1983 claims seek only injunctive and declaratory relief.  Plaintiffs do not seek damages for past violations of constitutional rights, because none have occurred (and none could have occurred, given that the Court has enjoined enforcement of SB 6251).  Thus, Plaintiffs urge the Court to clarify its order to reflect that Plaintiffs' section 1983 claims for injunctive and declaratory relief are *not* dismissed, or reconsider and deny Mr. Hauge's motions outright.

## II.     BACKGROUND

This action is a pre-enforcement challenge to SB 6251, in which Plaintiffs allege that the law violates the First and Fourteenth Amendments and the Commerce Clause, as well as the Communications Decency Act, 47 U.S.C. § 230.  Plaintiffs brought all of their claims pursuant to 42 U.S.C. § 1983.  *See* Backpage.com First Amended Complaint ¶¶ 1,

MOTION FOR CLARIFICATION OR RECONSIDERATION
(Case No. 2:12-cv-00954-RSM) - 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 1201 Third Avenue Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

10, 28-38 (Dkt.#28; "Backpage.com Complaint"); Internet Archive Complaint in Intervention ¶¶ 10, 28-39 (Dkt. #22-1; "Internet Archive Complaint").  The Complaints name as defendants the Washington Attorney General and each of the 39 county prosecuting attorneys in their official capacities (including Defendant Hauge, the Kitsap County prosecuting attorney), because they are the officials charged with enforcing Washington criminal laws and are the proper defendants in a suit such as this under *Ex parte Young*, 209 U.S. 123, 157 (1908).  *See Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004).  The Complaints seek injunctive and declaratory relief, but do not assert any claims for damages.  *See* Backpage.com Complaint, at 10-11 (Prayer for Relief); Internet Archive Complaint, at 8-9 (Prayer for Relief).

The day after Backpage.com filed its original Complaint, the Court entered a temporary restraining order, finding that Backpage.com was likely to succeed on the merits of its claims pursuant to section 1983.  Temporary Restraining Order ¶ 4 (Dkt. #7).

On June 15, 2012, Defendant Hauge moved to dismiss "any/all 42 U.S.C. Section 1983 claims against him" under Fed. R. Civ. P. 12(b)(6).  Hauge Motion for Dismissal, at 1 (Dkt. #24).  Relying only on generic pleading principles under Rule 12(b)(6), Mr. Hauge asserted that Backpage.com's Complaint was deficient because it did not identify him in any factual allegations and did not allege that he had yet violated any of Backpage.com's constitutional rights.  *Id.* at 2-3.  Defendant Hauge later filed a near-duplicate motion against The Internet Archive.  Motion to Dismiss (Dkt. #24).  In both motions, Mr. Hauge sought dismissal of *all* claims Plaintiffs asserted against him.  *See* Proposed Orders (Dkt. #24-1, #37-1) (proposing that "all claims" be dismissed).

Plaintiffs responded to Mr. Hauge's dismissal motions on the grounds on which they were asserted and argued.  Specifically, Plaintiffs pointed out that both Plaintiffs' Complaints *did* contain factual allegations against Mr. Hauge, as one of the county prosecuting attorneys charged with enforcing SB 6251 and against whom a pre-

enforcement challenge properly is brought.  *See* Backpage.com Opposition (Dkt. #57);
Internet Archive Opposition (Dkt. #66).

None of the other Defendants joined Mr. Hauge's dismissal motions or brought similar ones.  On the contrary, Stevens County Prosecuting Attorney Tim Rasmussen stipulated that he and his office would not enforce or defend SB 6251, and so Backpage.com stipulated to dismissal of claims against him.  Stipulation and Order (Dkt. #49).

Before considering Mr. Hauge's dismissal motions, the Court heard oral argument and entered its preliminary injunction order.  Order Granting Preliminary Injunction (Dkt. #69), *Backpage.com, LLC v. McKenna*, 2012 WL 3064543 (W.D. Wash. July 27, 2012).  The Court again held that Plaintiffs were likely to prevail on all of their claims under section 1983, while also holding that Plaintiffs face a credible threat of prosecution under SB 6251 and therefore have standing.  *Id.* at **5-6.

Thereafter, Mr. Hauge stated for the first time in reply briefs on the two dismissal motions that he was seeking a "limited remedy," *i.e.*, that he "does not dispute the Plaintiff's right to challenge the constitutionality of [SB 6251] pre-enforcement" and "has not sought dismissal of Plaintiff's declaratory judgment action."  Hauge Reply re Motion to Dismiss Claims of Backpage.com, at 1-2 (Dkt. #62); *see also* Hauge Reply re Motion to Dismiss Claims of Internet Archive, at 2 (Dkt. #68).  Nonetheless, he continued to seek dismissal of all section 1983 claims, even those he admitted he was not challenging.

The Court issued its Order Granting Defendant Hauge's Motions to Dismiss (Dkt. #72) on September 18, 2012 ("Order").  The Court noted Mr. Hauge's concessions, stating: "Defendant Hauge challenges only the § 1983 claims against him; he does not dispute Plaintiff's right to challenge, pre-enforcement, the constitutionality of SB 6251, nor does he seek dismissal of Plaintiffs' declaratory judgment action."  *Id.* at 2.  Nonetheless, the Court's Order dismisses all section 1983 claims against Defendant Hauge, on the grounds that "Plaintiffs allege no facts from which the Court can conclude that Defendant Hauge prosecuted Plaintiffs under the SB 6251 or that he caused a deprivation of a protected right

MOTION FOR CLARIFICATION OR RECONSIDERATION
(Case No. 2:12-cv-00954-RSM) - 3

1    while acting under color of state law." *Id.* at 3-4.  The Court's Order does not otherwise

2    discuss Plaintiffs' injunctive and declaratory relief claims nor mention that these are the

3    only claims Plaintiffs have asserted in this action.

4         Thus, as written, the Order dismisses all claims against Defendant Hauge,

5    notwithstanding his admission and the Court's acknowledgement that the section 1983

6    claims for injunctive and declaratory relief are proper.

7                              **III.   ARGUMENT**

8         **A.   Section 1983 Provides the Proper Method to Seek Pre-Enforcement Relief
              Against an Unconstitutional State Statute.**

9         Section 1983 is the proper mechanism to seek pre-enforcement relief to enjoin or declare

10   unconstitutional a state statute.  "There can be no doubt that [section 1983] was intended to

11   provide a remedy, to be broadly construed, against all forms of official violation of federally

12   protected rights."  *Monell v. Dep't of Social Servs. of the City of N.Y.*, 436 U.S. 658, 700-01

13   (1978); *see also Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (section 1983

14   provides "a vehicle by which plaintiffs can bring federal constitutional and statutory challenges

15   to actions by state and local officials" (citation omitted)).  "The purpose of § 1983 is to deter

16   state actors from using the badge of their authority to deprive individuals of their federally

17   guaranteed rights."  *Anderson*, 451 F.3d at 1067 (quoting *McDade v. West*, 223 F.3d 1135, 1139

18   (9th Cir. 2000)).

19        By its express terms, section 1983 permits both actions at law for damages arising

20   from past violations of federal rights *and* suits in equity to enjoin enforcement of a law (or

21   other governmental action) that would cause deprivation of such rights.  *See* 42 U.S.C.

22   § 1983 (authorizing "action[s] at law, suit[s] in equity, or other proper proceeding[s] for

23

24

25

26

27

MOTION FOR CLARIFICATION OR RECONSIDERATION
(Case No. 2:12-cv-00954-RSM) - 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 1201 Third Avenue Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

redress")[1]; *see also Monell*, 436 U.S. at 700 (governmental bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief"); *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 751-52 (1999) ("rights passing through the § 1983 prism may in proper cases be vindicated by injunction, … by orders of restitution, and by declaratory judgments …." (internal citations omitted)); *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972) ("Congress plainly authorized the federal courts to issue injunctions in § 1983 actions, by expressly authorizing a 'suit in equity' as one of the means of redress," and "federal injunctive relief … can in some circumstances be essential to prevent great, immediate, and irreparable loss of a person's constitutional rights." (citations omitted)).

As stated in the Order, to assert a damages claim for past violations of federal rights, "a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and show that the violation was committed by a person acting under color of state law."  Order (Dkt. #72) at 3 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).  This is correct as it relates to claims for damages.  However, the requirements are different for claims seeking only injunctive and declaratory relief against a statute before it has been enforced, as the Court recognized in the Preliminary Injunction Order in this case:

> "When contesting the constitutionality of a criminal statute, it is not necessary that the plaintiff first expose himself to actual arrest or prosecution to be entitled to challenge the statute that he claims deters the exercise of his constitutional rights."  *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (internal quotation marks and alterations omitted).  In the First Amendment context, "'it is sufficient for standing purposes that the plaintiff intends to engage in a course of conduct arguably affected with a constitutional interest and that there is a credible threat that the challenged provision will be invoked against the plaintiff" *Wong v. Bush*, 542 F.3d 732,

---

[1] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, customs, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …

42 U.S.C. § 1983.

MOTION FOR CLARIFICATION OR RECONSIDERATION
(Case No. 2:12-cv-00954-RSM) - 5

736 (9th Cir. 2008) (quoting *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1154-55 (9th
Cir. 2000)).  A credible threat of prosecution exists when the challenged law
"is aimed directly at plaintiffs, who, if their interpretation of the statute is
correct, will have to take significant and costly compliance measures or risk
criminal prosecution." *Virginia v. Am. Booksellers Ass'n,* 484 U.S. 383, 392
(1988) (allowing booksellers to bring pre-enforcement challenge to law that
would make it unlawful to knowingly display obscene material).

*Backpage.com, LLC v. McKenna*, 2012 WL 3064543, at *5.  In the Preliminary Injunction

Order, the Court concluded that both Plaintiffs had shown "a credible threat that SB 6251

will be enforced against them." *Id.* at *6.  Accordingly, the Court held that both have

standing and may assert claims for injunctive and declaratory relief under section 1983, and

in fact are likely to prevail on all such claims.[2]

> **B.     Mr. Hauge's Reply Brief Conceded Plaintiffs' Injunctive and Declaratory
> Relief Claims Are Proper, Leaving No Basis for His Motion.**

Mr. Hauge confused matters when he asserted for the first time in his reply briefs

that "he does not dispute Plaintiffs' right to challenge, pre-enforcement, the

constitutionality of SB 6251, nor does he seek dismissal of Plaintiffs' declaratory judgment

action." Order, at 2 (Dkt. #72).  "Arguments cannot properly be raised for the first time on

reply." *Midmountain Contractors Inc.v. Am. Safety Indem. Co.*, 2012 WL 3864901, at *11,

n.7 (W.D. Wash. Sept. 5, 2012) (quoting *Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154,

1171 (W.D. Wash. 2010)).  Additionally, Plaintiffs had no reason to seek to strike

Defendant Hauge's concessions under Local Civil Rule 7(g), because the concessions

demonstrated that all of Plaintiffs' section 1983 claims are proper, given that Plaintiffs seek

only injunctive and declaratory relief

Indeed, the significance of Mr. Hauge's concession—*i.e.*, he is not challenging the

propriety of injunctive and declaratory relief in this action—is that he admitted that all of

---

[2] This ruling is fully consistent with Supreme Court and Ninth Circuit precedent allowing pre-
enforcement injunctive relief claims under section 1983.  *See e.g.*, *Virginia v. Am. Booksellers Ass'n*,
484 U.S. at 383 (allowing pre-enforcement First Amendment challenge to state statute under section
1983); *Powell's Books, Inc. v. Kroger*, 622 F.3d 1202 (9th Cir. 2010) (holding that plaintiffs had
standing to bring First Amendment pre-enforcement challenge to state statutes under section 1983).

MOTION FOR CLARIFICATION OR RECONSIDERATION
(Case No. 2:12-cv-00954-RSM) - 6

Plaintiffs' section 1983 claims are properly pleaded and should be allowed to go forward.[3]
Again, Plaintiffs have not asserted any claims for past violations (by Defendant Hauge or
anyone else) nor any claims for damages.  The only claims asserted by Plaintiffs in this
action are ones for injunctive and declaratory relief under section 1983.  Thus, put simply,
Mr. Hague moved to dismiss claims that Plaintiffs have never asserted while at the same
time admitting that all of the claims Plaintiffs *have* asserted are proper.

As is well established, the Declaratory Judgment Act, 28 U.S.C. § 2201, "is a
procedural device only; it does not confer an independent basis of jurisdiction on the
federal courts."  *Mobil Oil Corp. v. City of Long Beach*, 772 F.2d 534, 539 (9th Cir. 1985);
*see also Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1089 (9th Cir. 2002).
Thus, the underlying statutory basis for this action is section 1983, and the Declaratory
Judgment Act merely provides an additional remedy for threatened violations of the rights
of Plaintiffs and their users.

### C.  Section 1983 Claims Are Viable in the Presence of Threatened Harm, Even if an Actual Violation Has Not Yet Occurred.

In the Order, the Court stated "Plaintiffs fail to direct the Court to any precedent that
stands for the proposition that a § 1983 claim is viable in the absence of an actual violation
of a protected right."  Order, at 3 (Dkt. #72).  Plaintiffs respectfully submit that they did

---

[3] Mr. Hauge also apparently contends that he and other county prosecuting attorneys are not proper
defendants because they do not enact state legislation (such as SB 6251), and therefore should not be
liable for the costs of actions successfully challenging unconstitutional state laws under section 1983.
*See* Reply on Motion to Dismiss Claims of Internet Archive, at 4 (Dkt. #68) ("Prosecutors across the
state should be nervous indeed, as at the close of every legislative session they wait in anticipation to
see what new laws may be challenged and learn of financial exposure they may be subjected to simply
because of the actions of the legislature ….").  But this ignores that the prosecuting attorneys are
charged with enforcing state criminal laws, *see* RCW 36.27.020, and therefore are the proper defendants
(in their official capacities) in an action seeking to enjoin enforcement of such a law under *Ex parte
Young*, 209 U.S. at 123; *see also Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d at 919;
*Powell's Books, Inc.*, 622 F.3d at 1202 (pre-enforcement challenge to Oregon statutes named Oregon
Attorney General and all county district attorneys as defendants).  If Mr. Hauge's concern is that he
could be liable for Plaintiffs' fees and costs under 42 U.S.C. § 1988 for a successful challenge to SB
6251, the simple answer is that he could make his own judgment about whether the law violates federal
rights and could decline to enforce or defend the law, as the Stevens County prosecutor has done.  In
any event, whether Defendants may be liable for attorneys' fees and costs is an issue for later, and
should have no bearing on Mr. Hauge's motions to dismiss

MOTION FOR CLARIFICATION OR RECONSIDERATION
(Case No. 2:12-cv-00954-RSM) - 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 1201 Third Avenue Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

provide such authorities, *i.e.*, cases allowing section 1983 claims seeking relief for threatened injury, even where, as the Court stated, plaintiffs had not yet "suffered any violation of a constitutionally protected right." *Id. See* Backpage.com Opposition, at 3-4 (Dkt. #57) (citing *Babbitt*, 442 U.S. at 298; *Holder v. Humanitarian Law Project*, 130 S. Ct. 2705, 2717 (2010); and *Virginia v. Am. Booksellers Ass'n*, 484 U.S. at 392)); Internet Archive Opposition, at 5 (Dkt. #66) (citing *Babbitt*, 442 U.S. at 298; *Steffel v. Thomspons*, 415 U.S. 452, 459 (1974); and *Doe v. Bolton*, 410 U.S. 179, 188 (1973)).

Plaintiffs have found no cases in which a defendant conceded that injunctive and declaratory relief claims were proper yet moved to dismiss all section 1983 claims, let alone prevailed on such a motion. To the contrary, *GPIII, Inc. v. Hyrum City*, 2005 WL 3334978 (D. Utah Dec. 7, 2005), rejected similar arguments. In that case, the plaintiffs brought a First Amendment facial challenge concerning city regulations restricting door-to-door soliciting, and the defendants moved to dismiss the section 1983 claims under Rule 12, arguing that the city had not yet taken any action to violate the plaintiffs' rights. *Id.* at **3-4, 6-7. The court rejected this argument, first noting that the Declaratory Judgment Act does not provide a right of action, but "Section 1983 provides that private cause of action." *Id.* at *4. The court held the plaintiffs had established standing because they faced a credible threat of prosecution and had refrained from selling their wares door-to-door because of the burdens imposed by the city regulations. *Id.* at *6. Finally, the court held that "enactment of an ordinance which has a chilling effect on speech is sufficient, without more, to constitute state action under § 1983" and "plaintiffs who suffer a chilling effect on their speech as the result of enactment of an ordinance have suffered injury under § 1983." *Id.* at *7. *See also Indomenico v. Brewster*, 848 F. Supp. 1136, 1140 (S.D.N.Y. 1994) ("The requirements for consideration of injunctive relief under Fed. R. Civ. P. 65 [in a section 1983 action] differ significantly from those necessary to support a claim for damages. For purposes of equitable relief, only a threatened, not actual violation must be shown.").

MOTION FOR CLARIFICATION OR RECONSIDERATION
(Case No. 2:12-cv-00954-RSM) - 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

IV.   CONCLUSION

Plaintiffs seek clarification or reconsideration of the Court's order dismissing all section 1983 claims against Defendant Hauge.  Plaintiffs style this as a motion for clarification first, because the Order suggests the Court only intended to dismiss section 1983 claims against Defendant Hauge to the extent they sought damages for past violations, but did not mean to dismiss section 1983 claims for injunctive or declaratory relief.

Alternatively, Plaintiffs seek reconsideration on the basis of manifest error under Local Civil Rule 7(h).  *See, e.g.*, *Urrutia v. BNSF Railway Co.*, 2010 WL 4941446 (W.D. Wash. Nov. 30, 2010) (reconsidering and reversing prior ruling for manifest error); *McKown v. Simon Property Group, Inc.*, 2011 WL 1085891 (W.D. Wash. Mar. 22, 2011) (same).  Plaintiffs respectfully submit that, in dismissing all section 1983 claims against Mr. Hauge, the Court misunderstood that Plaintiffs' claims for injunctive and declaratory relief are brought pursuant only to section 1983 and are the only claims asserted in this action.  Given that Mr. Hauge has conceded and the Court has acknowledged that these claims are proper, Plaintiffs urge alternatively that the Court reconsider its order and deny Mr. Hauge's dismissal motions.

In sum, Plaintiffs request that the Court clarify its Order granting Defendant Hauge's Motion to Dismiss (Dkt. #72) to specify that Plaintiffs' equitable claims under section 1983 for injunctive and declaratory relief are not dismissed, or, alternatively, that the Court reconsider its Order and deny Mr. Hauge's motions to dismiss in their entirety.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

DATED this 2nd day of October, 2012.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiff Backpage.com, LLC

By s/ Ambika K. Doran
    James C. Grant, WSBA # 15358
    Ambika K. Doran, WSBA # 38237
    Candice M. Tewell, WSBA # 41131
    1201 Third Avenue, Suite 2200
    Seattle, WA  98101-3045
    Telephone: 206-757-8096
    Fax: 206-757-8096
    E-mail:  jamesgrant@dwt.com

    *Of Counsel*:

    Elizabeth L. McDougall, WSBA No. 27026
    Village Voice Media Holdings, LLC
    1008 Western Avenue, Suite 300
    Seattle, WA 98104
    Tel 206.467.4347
    Fax 206.467.4389
    Liz.McDougall@VillageVoiceMedia.com

FOCAL PLLC
Attorneys for Plantiff-Intervenor the Internet
Archive, LLC

By s/ Venkat Balasubramani
    Venkat Balasubramani, WSBA #28269
    FOCAL PLLC
    800 Fifth Avenue, Suite 4100
    Seattle, WA 98104
    Tel: (206) 718-4250
    Fax: (206) 260-3966
    venkat@focallaw.com

    Matthew Zimmerman (*pro hac vice*)
    ELECTRONIC FRONTIER FOUNDATION
    454 Shotwell Street
    San Francisco, CA 94110
    Tel:  (415) 436-9333
    Fax: (415) 436-9993
    mattz@eff.org

Davis Wright Tremaine LLP
LAW OFFICES
Suite 22001201 Third AvenueSeattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I certify under penalty of perjury that the foregoing is true and correct.  Executed at Seattle, Washington this 2nd day of October, 2012.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Backpage.com, LLC

By      s/ Ambika K. Doran
      Ambika K. Doran, WSBA # 38237

MOTION FOR CLARIFICATION OR RECONSIDERATION
(Case No. 2:12-cv-00954-RSM) - 11